ELLIS, Judge.
On March 28, 1962, James R. Sanders was killed when a crawler type dragline, owned and operated by Brown & Root, Inc., in connection with the Old River Locks Project in Pointe Coupee Parish, suddenly tracked backwards, knocking the deceased down and running over him. Deceased was employed by Brown & Root, Inc., to operate the dragline and was about to take over its operation from the operator on the previous shift, Tom Kirby, when the accident occurred. Sanders had been leaning on the track out of the view of the operator just before the accident occurred.
All benefits due under the Louisiana laws relating to workmen’s compensation have been paid to and accepted by plaintiff. The assistant claims manager for Highlands Insurance Company, the workmen’s compensation carrier for Brown & Root, Inc., by affidavit, acknowledged his employer’s obligation in that respect and indicated that additional benefits will be paid as they accrue.
The widow of the deceased employee, individually and as “guardian” of her minor son, filed this action in tort against Tom Kirby, operator of the dragline; Brown & Root, Inc., owner and operator of the drag-line and contractor on the Old River Locks Project; Brown & Root Marine Operators, Inc., a separate corporation having no connection whatsoever with the project; American General Insurance Company, the carrier of a comprehensive Automobile Liability Policy issued to Brown & Root, Inc., and Highlands Insurance Company, the carrier of a comprehensive general liability policy issued to Brown & Root, Inc.
The record does not indicate that Tom Kirby was ever served with citation in this litigation or that any judgment was ever rendered for or against him.
Brown & Root, Inc.; Brown & Root Marine Operators, Inc.; and Highlands Insurance Company filed a joint exception of no cause of action and a joint motion for summary judgment, alleging that Brown & Root Marine Operators, Inc., was a separate corporation having nothing to do with the project and that as Sanders was in the scope of his employment when killed, *283 the sole and exclusive remedy at Louisiana law as to the employer and his comprehensive general liability insurer is resort to the workmen’s compensation statutes.
The learned trial judge sustained the exception of no cause of action and also granted the summary judgment in favor of those three defendants. No appeal was taken from that ruling and it is now final.
American General Insurance Company filed a motion for summary judgment alleging that no genuine issue of material fact existed between the parties and that the comprehensive automobile liability policy provided no insurance coverage for the accident alleged. American General Insurance Company also filed an exception of no cause of action, alleging that plaintiff’s sole and exclusive remedy was under the Louisiana Workmen’s Compensation Statutes.
The trial judge sustained this exception of no cause of action and granted the motion for summary judgment in favor of American General Insurance Company. From these rulings plaintiff has appealed, citing as error that:
“The District Court erred in concluding :
1) The operator of the crane was not an insured under the terms of the insurance policy.
2) The crane involved in the accident was not an automobile as defined in the insurance policy.
3) In sustaining the exceptions of no right or cause of action and motion for summary judgment.”
It is not necessary that we consider alleged errors 1 and 2 for even if Kirby be deemed an “insured” under the policy, there can be no recovery for the reason that the policy specifically precludes recovery for bodily injury for which
“ * * * the insured or any carrier as his insurer may be held liable under any workmen’s compensation * * * law”
In the case of Jagneaux v. American Automobile Insurance Company, La.App., 136 So.2d 91, an exclusion provision containing practically identical language was before the Third Circuit. That Court held that where an employee is injured by the negligence of a co-employee, the policy provision denied the injured employee recovery under the policy, reserving to him a cause of action in the area of workmen’s compensation. See also: Davis v. Grain Dealers Mutual Insurance Company, La.App., 128 So.2d 27.
The case of Pullen v. Employers’ Liability Assurance Corporation, 230 La. 867, 89 So.2d 373, was distinguished in the Jagneaux case and must be similarly distinguished here. The Pullen case involved negligent injury to an employee by a customer of the employer. The customer was assisting in the loading of a dragline and was held to be an insured under the terms of the policy. He was not an employee, though he was using the dragline with permission of the employer. The Louisiana Supreme Court found no employer-employee relationship between the customer and the injured employee and concluded that the policy provision excluding cases where the insured must respond in benefits under workmen’s compensation was inapplicable.
Article 966 of the LSA-Code of Civil Procedure provides in part that a summary judgment shall be granted in response to a motion for same:
“ * * * if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.”
As a matter of law in the instant case, plaintiff cannot recover if her husband was killed within the scope of his *284 employment by a co-employee. Plaintiff’s petition admits that the deceased was an employee of Brown & Root, Inc., and that he was on the job site at 7:50 A.M. in preparation for going to work at 8:00. The uncontradicted affidavits and answers to interrogatories further indicate that at the time of the accident the deceased was discussing the work with his oiler, one Lemoine. Kirby was the crane operator on the shift just finishing. Under these facts it cannot be seriously disputed that Sanders was killed within the scope of his employment by the acts of a co-employee. Nor does plaintiff attempt to dispute that fact, either in evidence, argument, or by citation of authorities to the contrary. A determination to that effect as to the other defendants in this matter went ttnappealed.
Consequently, plaintiff’s sole and exclusive remedy lies under the Louisiana Law of Workmen’s Compensation.
Affirmed.