461 So.2d 625 (1984)
Stella M. GUIDRY, individually and as natural tutrix of Stephanie Ann Guidry and Jason Paul Guidry
v.
CHEVRON U.S.A., INC.
No. 83-CA-1435.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
Edward J. Milligan, Jr., Lafayette, for plaintiff and appellant.
Lloyd C. Melancon, New Orleans, for defendant and appellee.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
On March 13, 1981, Dale A. Guidry was involved in an automobile accident at 6:10 in the morning while on his way to work at a plant owned by Chevron, U.S.A., Inc., and located in Amelia, Louisiana. The driver of a large tractor-trailer truck, traveling east on U.S. 90, lost control of his vehicle and collided head-on with Mr. Guidry's yellow Volkswagen about 147 feet west of the intersection at La. 662 in Terrebonne Parish. Both drivers were killed; Mr. Guidry was killed instantly.
Individually and as the natural tutrix of their minor children, Stephanie Ann and Jason Paul, Stella M. Guidry, his wife, sued Chevron U.S.A., Inc., (Chevron) his employer, for worker's compensation death benefits, allegedly due under LSA-R.S. 23:1231, burial expenses, under LSA-R.S. 23:1210, and penalties and attorneys fees under LSA-R.S. 23:1201.2 for Chevron's alleged arbitrary refusal to pay. At the close of her case, Chevron moved for a directed verdict under LSA-C.C.P. art. 1810 B on the grounds that plaintiff failed to prove by a preponderance of the evidence that the accident occurred during the course of Mr. Guidry's employment, as required under LSA-R.S. 23:1031. After a brief recess to *626 consider the motion, the trial judge granted Chevron's motion and dismissed Mrs. Guidry's case. Plaintiffs appeal, contending the trial judge erred in granting the directed verdict.
Article 1810 B[1] allows any party in a non-jury trial to move for a dismissal of the action as to him after plaintiff has completed the presentation of his case, if the plaintiff has shown no right to relief. The judge may determine the facts and render judgment then or withhold judgment until the close of all the evidence. Under Thomas v. Thom, 408 So.2d 442 (La.App. 1st Cir.1981), cert. denied 412 So.2d 85 (La.1982), and the authorities cited therein, the judge should grant the directed verdict (now called involuntary dismissal) when the plaintiff has failed to prove his case by a preponderance of the evidence. He is not required to view the evidence in the light most favorable to the plaintiff and his factual determinations should not be disturbed unless they are clearly wrong. See also, Egle v. Kidd, 442 So.2d 669 (La. App. 1st Cir.1983).
In a worker's compensation case, a claimant must establish that the disabling or fatal injury was caused by an accident which arose out of and occurred during the course of the injured or deceased worker's employment. LSA-R.S. 23:1031. As a general rule, accidents occurring while an employee is traveling to and from work are not considered as occurring during the course of his employment and are not compensable. Gardner v. Industrial Indemnity Company, 212 So.2d 452 (La.App. 1st Cir.1968). Several exceptions to this rule exist,[2] but the trial judge found none to be applicable in this case.
Specifically, he found that
Mr. Guidry was not furnished transportation as an [incident] to his employment with Chevron and said company contributed nothing by way of reimbursement of travel expenses. At the time of the accident the Volkswagen was hauling no tools, equipment, or paraphernalia belonging to Chevron or used on [a] Chevron job, nor was Mr. Guidry responsible to haul such to and from any job site. Mr. Guidry was not responsible nor in the act of assembling and/or transporting a work crew or any employee from the Chevron Oil Corporation.
Based upon the evidence presented by the plaintiff, these findings are correct. Since the plaintiff has failed to establish any applicable exception to the general rule, the trial judge correctly granted the defendant's directed verdict.
Jackson v. Long, 289 So.2d 205 (La.App. 4th Cir.1974) does not support plaintiffs' claim for compensation. The claimant in that case was employed as a cook by Manpower, Inc., a company which furnishes temporary laborers to its various customers at designated times and places, and had *627 been assigned to a job in Mississippi to prepare meals for the crew of a utility company working on the Gulf Coast. Because the assignment had been given to the employee out of the company's New Orleans office, the Fourth Circuit concluded that transportation to and from the job, though not furnished by the company, was an integral part of the employment contract, and affirmed the lower court's compensation award.
In this case, Mr. Guidry worked as a field mechanic for Chevron out of its Amelia plant and was given assignments there to work on Chevron's equipment located at various other sites. Although Chevron provided transportation for its mechanics to and from those other locations, it did not undertake responsibility for Mr. Guidry's transportation to and from Amelia. There would be no issue of compensation had the accident occurred while Mr. Guidry was injured while en route to one of his assigned jobs, but the accident here occurred on the way to Amelia. That by itself is not enough to take this case out of the purview of the general rule.
Plaintiff also contends that the trial judge erroneously sustained defendant's objection to two questions put to plaintiff's witness, Ed Martien, field supervisor for Chevron. Mr. Martien was asked what would have been the consequences had Mr. Guidry not driven his Volkswagen to work on the day of the accident and whether Chevron's employees were responsible for their own transportation to and from work. The trial judge sustained defendant's objection on the grounds that the questions were argumentative and irrelevant. Plaintiff then made a proffer of the questions, to which Mr. Martien responded that an unexcused failure to report to work could result in termination and, yes, the employees were responsible for their own transportation.
Plaintiff contends these questions were not argumentative and were relevant to establish the necessity of Mr. Guidry's providing his own transportation. We agree that the questions were not argumentative, and perhaps were relevant to establish the necessity of transportation to work, but necessity of transportation is not material in this case to establish liability. Requiring an employee to show up for work does not make transportation "incidential" to the employment contract. Most employees are required to show up for work or risk losing their jobs. Therefore, any error the trial judge may have made in sustaining the objection was harmless.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
NOTES
[1] Acts 1983, No. 534, § 9, which became effective on August 30, 1983, moved paragraph B of former article 1810, governing directed verdicts in jury trials, to article 1672, governing involuntary dismissals, but did not change the paragraph's substance.
[2] For example, if the employee is injured on the employer's premises while on the way to work, compensation is usually allowed. See Sanders v. Kirby, 171 So.2d 281 (La.App. 1st Cir.1965). If the employee is on a specific mission for his employer or is charged with a specific duty to perform, compensation is usually allowed. See Stephens v. Justiss-Mears Oil Company, 312 So.2d 293 (La.1975) (claimant charged with assembling and assuring the arrival of work crew at the job site on time). If the employer undertakes to provide transportation as an incident to the employment contract or reimburses the employee for his travel expenses, compensation is usually allowed. See Gardner v. Industrial Indemnity Company, 212 So.2d 452 (La.App. 1st Cir.1968). There also are a great many cases allowing compensation for traveling employees injured while traveling from one location to another. See, e.g., Jackson v. Long, 289 So.2d 205 (La.App. 4th Cir.1974). Yet another exception called the "threshold doctrine" allows compensation if the accident occurs in an area immediately adjacent to the work place and which contains a distinctive travel risk to employee traveling to and from work. See generally, Templet v. Intracoastal Truck Line, Inc., 255 La. 193, 230 So.2d 74 (1969). A thorough discussion of the rule and its exceptions is found in W. Malone & H.A. Johnson, Worker's Compensation § 161-171 in 13 Louisiana Civil Law Treatise 303 et seq. (1980).