569 So.2d 616 (1990)
James H. YATES, Jr., Plaintiff/Appellant,
v.
NAYLOR INDUSTRIAL SERVICES, INC., and American International Group, Defendants/Appellees.
No. 21824-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 1990.
Writ Denied January 11, 1991.
*617 Rankin, Yeldell, Herring & Katz by Alex W. Rankin and Richard Bailly, Bastrop, for plaintiff/appellant.
Theus, Grisham, Davis & Leigh by Thomas G. Zentner, Jr., Monroe, for defendants/appellees.
Before FRED W. JONES, Jr., SEXTON and NORRIS, JJ.
FRED W. JONES, Jr., Judge.
In this action for workers' compensation benefits, plaintiff, James Yates, Jr., appealed the judgment of the trial court in favor of defendants, Naylor Industrial Services, Inc. and American International Group, based on the ruling that plaintiff's accident did not occur within the course and scope of his employment. Finding no error, we affirm.

*618 Issue Presented

The sole issue presented for review is whether the trial court erred in finding that the accident did not occur within the course and scope of plaintiff's employment.

Factual Context
On or about December 6, 1987 plaintiff had been employed by Naylor Industrial Services, Inc. (Naylor) for approximately two-three years. Naylor was an industrial cleaning company which primarily cleaned paper mills but also engaged in the cleaning of refineries and utility and petrochemical plants along the Gulf Coast. Plaintiff was employed at the Bastrop division of the company whose region included portions of Louisiana, Arkansas, Oklahoma and Texas. He was considered a full-time employee, employed on a 24 hour a day, 7 day a week "on call" basis. Even though plaintiff was considered a full-time employee, he was not paid any wages unless he actually worked. On occasion jobs were specifically scheduled but the company would also call in a crew when a job came up unexpectedly or another division in a different region needed a relief crew.
As part of his job duties, plaintiff performed hydroblasting, which was high pressure water cleaning of the interior and exterior of tanks, etc. The employees were required to maintain some of their own tools, such as pipe wrenches and hammers, and the company supplied tools like nozzles and tips which were used with the hydroblasting hoses. The company also provided for the employees safety equipment such as boots, slickers, gloves, wetsuits, hard hats and face shields. When required to be out of town on a job, the company paid the employees' motel expenses as well as a flat allowance of $15 per day for meals. The employees were also paid travel expenses if required to travel in their personal vehicles but were not paid such expenses when traveling to and from work.
On December 6, 1987 plaintiff had gone hunting with two co-employees near his in-laws' home when he was contacted by his wife. She informed him of a call he had received from his employer for an out-of-town job in Port Arthur, Texas. Plaintiff planned to proceed to his home in his personal vehicle, pick up his duffel bag and report to the Bastrop office for assignment. He had various items of equipment and safety gear in his vehicle. As plaintiff was driving his automobile to his home, he was involved in an accident and sustained serious injuries.
On November 23, 1988 plaintiff instituted this action for workers' compensation benefits naming as defendants, his employer, Naylor, and its insurer, American International Group. Plaintiff alleged that at the time of his automobile accident and resulting injuries, he was on a 24 hour stand-by "on call" employment basis with defendant. He contended he was called by his employer and told to report immediately to the Bastrop office for assignment to an out-of-state job. As plaintiff was proceeding in his automobile, he was injured when his vehicle left the road and overturned.
By stipulation, the trial on the merits was limited to the sole issue of whether plaintiff's accident had occurred within the course and scope of his employment with Naylor. At the trial plaintiff's manager at Naylor, DeWight Viereck, testified that plaintiff had been employed strictly on a 24 hour day "on call" basis. Viereck stated that all of the other employees of Naylor in the Bastrop area were "on call" employees. On the date of the accident, Viereck was assembling a crew of three employees to loan to the Port Arthur region of the company. The crew was required to be in Port Arthur by 7 a.m. the next morning. Viereck had been called at home to supply a crew and he telephoned in order to contact employees. Viereck testified they never knew when they were going to work and this required the employees to remain available. Employees were not paid mileage to drive from their homes to the Bastrop office and after reporting to the office the employees would have used a Naylor pick-up truck to travel to the Port Arthur job. The employees would be required to take their issued safety gear and tools and any necessary heavy equipment, such as hoses. Although lockers were provided to employees at the facility in Bastrop, many *619 of them kept their issued safety gear and equipment, such as the required tips and nozzles, in their own vehicles to reduce response time to a job call.
Plaintiff testified that most of the jobs he was called for involved hydroblasting. When he received the call about the Port Arthur job, plaintiff got into his personal vehicle which contained his tool box, the tools to be used with the hoses and safety equipment required on the job. Plaintiff had to pick up a duffel bag at his home before proceeding to Bastrop and planned to meet his other co-employees before reporting to the office. Once there, he intended to transfer his tools and safety equipment to the pick-up truck before proceeding to Port Arthur.
After reviewing the evidence, the trial court found in favor of defendants, holding that the accident did not occur in the course and scope of plaintiff's employment. The court noted plaintiff was always considered to be an "on call" employee and was not compensated for mileage to defendant's office in Bastrop but rather was only entitled to a per diem allowance when required to travel out of the district. It further noted plaintiff took his own tool box on company jobs, which box also contained equipment such as tips and nozzles. Additionally, plaintiff had the issued safety gear which belonged to defendant. The court stated that while generally an employee is not considered to be in the course and scope of employment while traveling to and from work, if the employee was charged with a duty to transport tools, equipment or paraphernalia belonging to his employer, he might come within an exception to this general rule. Defendant allowed plaintiff to take equipment from the office and plaintiff was not required to leave all items belonging to defendant at his locker when he was not working. The court found that at the time of the accident plaintiff was carrying these items, which belonged to defendant, for his own convenience and was not carrying the equipment at his employer's direction and/or for the benefit and furtherance of his employer's business. Therefore, plaintiff failed to prove the applicability of any exception to the general rule stated above and did not prove the accident occurred during the course and scope of his employment.

Legal Principles
La.R.S. 23:1031 provides in pertinent part:
If an employee ... receives personal injury by accident arising out of and in the course of his employment, his employer shall pay compensation in the amounts, on the conditions, and to the person or persons hereinafter designated.
As a general rule, accidents which occur while an employee is traveling to and from work are not considered as having occurred during the course of employment and are therefore not compensable. This rule is premised on the theory that ordinarily the employment relationship is suspended from the time the employee leaves his work to go home until he resumes his work. However, this rule has been subject to a number of jurisprudentially established exceptions. For example, these exceptions have arisen:
1) If the accident happened on the employer's premises;
2) If the employee was deemed to be on a specific mission for the employer, such as making a trip in the interest of his employer's business or pursuant to his employer's order;
3) If the employer had interested himself in the transportation of the employee as an incident to the employment agreement either by contractually providing transportation or reimbursing the employee for his travel expenses;
4) If the employee was doing work for his employer under circumstances where the employer's consent could be fairly implied;
5) If the employee was hurt while traveling to and from one work site to another;
6) If the employee was injured in an area immediately adjacent to his place of employment and that area contained a distinct travel risk to the employee, also known as the threshold doctrine; and,

*620 7) If the operation of a motor vehicle was the performance of one of the duties of the employment of the employee.
Michaleski v. Western Preferred Casualty Company, 472 So.2d 18 (La.1985); Hughes v. Gearhart Industries, Inc., 552 So.2d 717 (La.App. 1st Cir.1989), writ denied, 556 So.2d 1280 (La.1990); Justice v. Sylvester, 499 So.2d 590 (La.App. 5th Cir.1986), writ denied, 503 So.2d 491 (La.1987); Guidry v. Chevron U.S.A., Inc., 461 So.2d 625 (La. App. 1st Cir.1984), Smith v. A.I.U. Insurance Company, 457 So.2d 868 (La.App. 3d Cir.1984); Johnson v. Aetna Casualty & Surety Company, 387 So.2d 1340 (La.App. 1st Cir.1980), writ denied, 393 So.2d 746 (La.1980); Castille v. Sibille, 342 So.2d 279 (La.App. 3d Cir.1977), and Gardner v. Industrial Indemnity Company, 212 So.2d 452 (La.App. 1st Cir.1968).
With reference to travel expenses, it is well-settled that mere payment of these expenses without an express or implied agreement to furnish transportation does not place the employee within the course of his employment while going to and returning from work when such payments bear no relation to actual travel expenses and are intended only as an inducement to persuade persons to work at a particular job site. Major Transports Limited v. Courville, 493 So.2d 109 (La.App. 3d Cir. 1986), writ denied, 497 So.2d 1014 (La. 1986); Mitchell v. Pleasant Hill General Hospital, Inc., 491 So.2d 183 (La.App. 3d Cir.1986), writ denied, 493 So.2d 1223 (La. 1986), and Gardner v. Industrial Indemnity Company, supra.
The terms "arising out of" and "in the course of" constitute a dual requirement. The former suggests an inquiry into the character or origin of the risk while the latter brings into focus the time and place relationship between the risk and the employment. The two requirements cannot be considered in isolation from each other. Further, the two elements should not be understood as entirely separate requirements to be rigidly and independently exacted. Rather, they should be understood simply as closely intertwined issues that may usefully illuminate the common sense practical question of whether the employee's injury bears some significant relationship to the employer's business operation. The purpose of the "arising out of" requirement is to assure compensation will only be awarded for those personal injuries related to risks incidental to the employment. Closely related to the "arising out of" employment question is the requirement that the employee's injury occur in the course of employment. An injury occurs in the course of employment when it happens during the time of employment and at a place contemplated by the employment. In determining whether an accident arose out of employment, at issue is whether the employee was then engaged about his employer's business instead of merely pursuing his own business or pleasure and whether the necessities of that business reasonably required the employee be at the place of the accident at the time it occurred. To arise out of the employment, the accident must be the result of some risk to which the employee is subjected in the course of his employment and to which he would not have been subjected had he not been so employed. Williams v. Regional Transit Authority, 546 So.2d 150 (La.1989); Raybol v. Louisiana State University, 520 So.2d 724 (La.1988); LaFleur v. Swallow's Rice Mills, 532 So.2d 255 (La. App. 3d Cir.1988); Jepsen v. B-Con Construction Company, Inc., 475 So.2d 112 (La.App. 2d Cir.1985), and Renfroe v. City of New Orleans, 394 So.2d 787 (La.App. 4th Cir.1981), writ denied, 399 So.2d 621 (La.1981).

Course and Scope of Employment
On appeal, plaintiff argues the trial court erred in holding the accident did not arise out of the course and scope of his employment with defendant. Plaintiff notes the "on call" employee presents a special situation which demands the facts of each case be carefully scrutinized to determine whether there is an employment connection that warrants coverage under the Workers' Compensation Act. Plaintiff contends the employment connection in this case is compelling and the prompt response by plaintiff to the call of his employer *621 demonstrates plaintiff took his "on call" status seriously. Plaintiff argues he was within the course and scope of his employment as soon as he left in the family vehicle to proceed to the office. The relationship of that activity to employment was not tenuous but rather the preparedness suggested both employer and employee knew the nature of the business. Plaintiff further argues that carrying the equipment necessary for his job in his vehicle benefited his employer, a service industry that depended on its ability to render prompt, efficient service to its customers. By having the equipment in his vehicle, plaintiff furthered defendant's interest in providing a quick response to a job call. Finally, plaintiff argues he was at the place of the accident at the time it occurred because the necessities of defendant's service business reasonably required him to be there. Traveling was an integral part of the contract of employment between plaintiff and defendant and clearly in furtherance of defendant's interest.
After reviewing the record, we find the trial court did not err in holding plaintiff's accident did not occur within the course and scope of his employment. The facts presented in this case do not establish that plaintiff adequately met either the "arising out of" requirement or the "in the course of" requirement. The strongest connection plaintiff's activity had to his employment was the presence of the employer's tools in plaintiff's personal vehicle and the fact that plaintiff would ultimately join some co-employees at his employer's premises for an out-of-town job after a detour to his home to pick up his duffel bag. Neither circumstance is sufficient to satisfy the requirement that the injuries "arise out of" or "in the course of" employment. As a practical matter, plaintiff would have had to return to his own home at the conclusion of his hunting trip without any involvement of his employer. Thus, the only effect the employment had on this travel was to alter the time of this trip. Further, the presence of tools in plaintiff's vehicle in no way benefited his employer but was done solely for the convenience of the employee. Plaintiff was provided with a personal locker at the office for the storage of his tools and could have placed them there. As plaintiff intended to report to the office for assignment and to get the company vehicle for the trip to Port Arthur, which appeared to be the normal procedure for an out-of-town job, the employer received no benefit from the presence of tools in plaintiff's personal vehicle. The employee's response time would not be substantially reduced as the tools would be required to be transferred to the company vehicle before proceeding to the job.
This factual situation falls squarely within the general rule that an employee traveling to and from work is not considered to be within the course and scope of his employment. Further, it does not fit within any of the jurisprudentially recognized exceptions to that general rule. Plaintiff was not furnished transportation or travel expenses for his travel to and from the Bastrop office in his personal vehicle, he was not on any specific mission for his employer and he was not injured by any extra travel risk closely connected or immediately adjacent to the employer's premises. There would likely be no issue of compensation had the accident occurred if plaintiff was injured while en route to one of his assigned jobs but the accident here occurred on the way to his home. This is not sufficient to take this case out of the purview of the general rule. See Guidry v. Chevron U.S.A., Inc., supra and Jackson v. Long, 289 So.2d 205 (La.App. 4th Cir. 1974).
In summary, the conduct of plaintiff at the time of his injury was simply too far removed from his employment duties to be considered within the course and scope of his employment pursuant to the Workers' Compensation Act.

Decree
For these reasons, the judgment of the trial court in favor of defendants is AFFIRMED at plaintiff's costs.