858 So.2d 513 (2003)
Willie YOUNG, Jr. (Deceased)
v.
CAPITOL CONCRETE PRODUCTS, INC.
No. 2002 CA 1822.
Court of Appeal of Louisiana, First Circuit.
June 27, 2003.
Writ Denied November 7, 2003.
*515 Mark D. Plaisance, Baker, Counsel for Appellant Willie Young (Deceased) Audrey Young (Petitioner).
David Butler, Baton Rouge, Counsel for Appellee Capitol Concrete Products, Inc.
Before: FOIL, McCLENDON, and KLINE[1], JJ.
KLINE, J.
The plaintiff in this action for workers' compensation death benefits and burial expenses, Audrey H. Young, appeals the decision of the workers' compensation judge granting summary judgment in favor of the employer, Capitol Concrete Products, Inc. ("Capitol"). For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
The pleadings and affidavits filed in this case establish that on March 9, 2001, the decedent, Willie Young, Jr., was employed as a truck driver by Capitol Concrete Products, Inc. On March 9, 2001, after having reported to work, Mr. Young was either sitting in the dispatcher's office or standing outside talking with a co-worker while awaiting the arrival of a forklift operator to load his trailer, when he suffered a heart attack and died.
On August 20, 2001, in her capacity as Mr. Young's surviving spouse and dependent, Mrs. Young filed this action to recover workers' compensation death benefits and burial expenses. On November 26, 2001, Capitol filed a motion for summary judgment stating that there was no genuine issue of material fact in that the heart attack suffered by Mr. Young was not compensable and that Mrs. Young's claim should be dismissed. A hearing was held on February 15, 2002 following which, the workers' compensation judge ("WCJ") granted Capitol's motion for summary judgment. The judgment was signed on February 25, 2002.
Mrs. Young appeals the WCJ's judgment and asserts the following assignments of error:
1. In the event of death, an employee's family is entitled to reasonable funeral expenses. These expenses are due regardless of any other benefits allowable under the [W]orkers' [C]ompensation [A]ct. Thus, the hearing officer committed manifest error in not awarding funeral benefits.
2. Summary Judgment is proper only when there is no genuine issue of material fact. Here, co-worker affidavits differ as to what Willie Young was doing just prior to his heart attack. The court, then faced with conflicting affidavits and a credibility determination, should have denied the summary judgment and set the matter for trial.

LAW AND DISCUSSION
The applicable standard of review is de novo, using the same criteria used by the district court in deciding whether summary judgment should be granted. Taylor v. Rowell, 98-2865, p. 3 (La.5/18/99), 736 So.2d 812, 814; J. Ray McDermott, Inc. v. Morrison, 96-2337, p. 9 (La.App. 1 Cir. 11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. The motion should *516 be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B); Rambo v. Walker, 97-2371, p. 3 (La.App. 1 Cir. 11/6/98), 722 So.2d 86, 88, writ denied, 98-3030 (La.1/29/99), 736 So.2d 840. Summary judgment is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2).
The initial burden of proof is on the mover to show that no genuine issue of material fact exists. La. C.C.P. art. 966(C)(2). However, once the mover has made a prima facie showing that the motion should be granted, if the adverse party bears the burden of proof at trial on the issue before the court, the burden shifts to him to present evidence demonstrating that material factual issues remain. La. C.C.P. art. 966(C)(2); J. Ray McDermott, 96-2337 at p. 10, 705 So.2d at 202. Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. Harrison v. Shipp, 98-0021, p. 6 (La.App. 1 Cir. 12/28/98), 724 So.2d 864, 867. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Rambo, 97-2371 at p. 4, 722 So.2d at 88.
If an employee receives a personal injury by an accident arising out of and in the course of his employment, the employer is required to pay compensation benefits. La. R.S. 23:1031(A). In cases in which an employee suffers a heart-related injury or death, the claim for benefits is governed by La. R.S. 23:1021(7)(e) which provides: (7)(e) Heart-related or perivascular injuries. A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation,and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
(Emphasis added.)
Both prongs of the test set forth in La. R.S. 23:1021(7)(e) must be satisfied for the claimant to prevail. Thus, Mrs. Young had the burden to prove by clear and convincing evidence that Mr. Young's physical work stress on the day of his fatal heart attack was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in the truck driving occupation. Mrs. Young also had the burden to demonstrate that the physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of Mr. Young's fatal heart attack.
To prove a matter by clear and convincing evidence means to demonstrate that the existence of a disputed fact is highly probable, that is, much more probable than its nonexistence. Gooden v. B E & K Construction, 33,457, p. 5 (La.App. 2 Cir. 6/23/00), 764 So.2d 1206, 1210. The heightened burden in La. R.S. 23:1021(7)(e) is intended to exclude from *517 coverage an employee who just happened to have a heart attack while performing his job. City of Oakdale v. Smith, XXXX-XXXX, p. 8 (La.App. 3 Cir. 5/2/01), 788 So.2d 507, 514, writ denied, XXXX-XXXX (La.9/14/01), 796 So.2d 685.
Capitol introduced three affidavits in support of its motion for summary judgment. The first affidavit was that of Chester LaBauex. Mr. LaBauex indicated that at the time of the instant incident, he was employed at Capitol as a tire man. He arrived at work prior to 7:00 a.m. and stated that Mr. Young had not started working at the time he suffered the heart attack, because he was awaiting the loading of his trailer. Mr. LaBauex indicated that Mr. Young's trailer was not hooked to his truck and that he had not attempted to hook his trailer to his truck. He also stated that Mr. Young was not subjected to any work stress or exertion and did not experience any stress or exertion which would be considered extraordinary or unusual in comparison to the stress or exertion experienced by the average truck driver.
The next affidavit introduced was that of Phillip Pitslata. Mr. Pitslata stated that he was employed by Capitol, as a dispatcher at the time of the instant incident. According to Mr. Pitslata, he arrived at work on March 9, 2001 between 5:30 and 5:45 a.m.. Mr. Young arrived at work shortly afterwards. Mr. Young complained of shortness of breath between 7:00 a.m. and 7:15 a.m. and subsequently suffered a heart attack. Between the time of Mr. Young's arrival and the time of the heart attack, Mr. Young sat in the dispatcher's office talking and awaiting the arrival of the forklift operator to load his trailer. Mr. Young had backed his truck up to the trailer but had not attempted to hook his trailer up prior to experiencing the heart attack. Mr. Young was not subjected to any work stress or exertion and certainly did not experience any stress or exertion which would be considered extraordinary or unusual in comparison to the stress or exertion experienced by the average truck driver.
The next affidavit was another submitted by Mr. LaBauex reiterating what was stated in the previous affidavit. He also added that Mr. Young did not attempt to back up his rig to hook on the trailer that morning and that the trailer did not begin to roll. Mr. Young did not jump from his rig to hurry and grab a block to stop the trailer.
Mrs. Young introduced the affidavit of George Gedrick. Mr. Gedrick indicated that he was employed by Capitol at the time of the instant incident as a forklift operator. He stated that when he and his brother arrived at work on that morning, they found Mr. Young and Mr. LaBauex standing outside talking. Mr. Young said he was about to back up his rig and hook it up to a trailer in order to drive it in back where it could be loaded. Mr. Gedrick stated that he and his brother stopped and talked with Mr. Young for a few moments before going to their work stations. Mr. Young appeared to be fine at that time.
Mrs. Young also introduced medical records from the Occupational Medicine Clinic that appeared to be erroneously dated April 31, 2000, and May 1, 2000, indicating Mr. Young had a physical examination and a drug examination on those respective dates. The examination appeared to be work-required. The results were unremarkable.
The WCJ found that the affidavit of Mr. Gedrick, submitted by Mrs. Young, was not necessarily contradictory to the affidavits of Mr. LaBauex and Mr. Pitslata. Mr. Gedrick stated what Mr. Young was "about to do" as opposed to already having *518 started working. Mr. Gedrick's affidavit does not support Mrs. Young's contention that Mr. Young was hooking up the trailer and jumped out of the truck at the time of the heart attack. The WCJ found that Mr. Pitslata's affidavit was the most telling as Mr. Pitslata indicated that Mr. Young was sitting in his office when he fell short of breath and suffered a heart attack. As a result, the WCJ concluded there was no genuine issue of material fact and granted the motion for summary judgment.
After a thorough review of the record, we find no error in the WCJ's finding. No genuine issue of material fact exists as to whether Mr. Young was involved in physical work stress that was extraordinary and unusual in comparison to the stress or exertion experienced by the average truck driver and thus, was the predominant and major cause of Mr. Young's heart attack and subsequent death.
Mrs. Young also asserts that the WCJ erred in not awarding her burial expenses as a result of Mr. Young's heart attack. Mrs. Young contends that, pursuant to La. R.S. 23:1210, she is entitled to burial and funeral expenses to be paid by Capitol, regardless of whether or not the heart attack suffered by Mr. Young was compensatory under the Workers' Compensation Act. Capitol disagrees and argues that Mrs. Young is not entitled to these benefits as Mr. Young's heart attack is a noncompensable injury under the Workers' Compensation Act.
Louisiana Revised Statute 23:1210(A) provides as follows:
A. In every case of death, the employer shall pay or cause to be paid, in addition to any other benefits allowable under the provisions of this Part, reasonable expenses of the burial of the employee, not to exceed seven thousand five hundred dollars.
Mrs. Young responds to Capitol's argument by referencing the initial phrase in La. R.S. 23:1210, where it reads "In every case of death ...." Mrs. Young contends that a reading of this statute implies that burial expenses should be paid by the employer for an employee regardless of whether that employee would be successful in obtaining other benefits. Mrs. Young equates burial expenses to that of medical benefits and indicates that an employee may recover medical expenses even though there is no recovery for compensation. With Mrs. Young's contentions, we must respectfully disagree.
In a workers' compensation case, a claimant must establish that the disabling or fatal injury was caused by an accident which arose out of and occurred during the course of the injured or deceased workers' employment. La. R.S. 23:1031; Guidry v. Chevron U.S.A., Inc., 461 So.2d 625, 626 (La.App. 1 Cir.1984). As already discussed above, Mr. Young was not involved in a physical work stress that was extraordinary and unusual in comparison to the stress or exertion experienced by the average truck driver and thus, was the predominant and major cause of Mr. Young's heart attack and subsequent death. As a result, Mr. Young's heart attack and death were noncompensable under the Workers' Compensation Act. Therefore, we find the WCJ did not err in dismissing Mrs. Young's claim for burial expenses.

CONCLUSION
For the foregoing reasons, the judgment of the WCJ is affirmed. All costs are assessed to the appellant, Audrey H. Young.
AFFIRMED.
NOTES
[1] Hon. William F. Kline, Jr., retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.