KUHN, J.
 

 12PIaintiff-appelIant, New Orleans Health Corporation (NOHC), appeals the district court’s judgment, which dismisses its petition for judicial review and affirms the grant of summary judgment by the administrative law judge (ALJ) in favor of the Louisiana Department of Health and Hospitals (DHH), concluding that DHH is entitled to $834,206.16 in overpayments it made under the enhanced Federally Qualified Health Center (FQHC) rate to NOHC for the health center’s participation in the Louisiana Medicaid Program (Medicaid).
 
 [1]
 
 For the reasons that follow, we affirm.
 

 FACTUAL AND PROCEDURAL BACKGROUND
 

 An FQHC is an entity that receives direct grants from the United States to provide primary and other health care ser
 
 *421
 
 vices to “medically underserved” communities.
 
 [2]
 
 In 1992, NOHC became an FQHC when its three clinics were incorporated by EXCELTH, Inc. into an application for a grant under Section 330 of the Public Health Service Act.
 

 |sIn 2001, EXCELTH reapplied to the federal Bureau of Primary Health Care for the Section 330 grant, but intentionally omitted NOHC’s clinics from that application. Unaware that EXCELTH did not include it in the reapplication, NOHC continued to submit claims for payment to DHH at the enhanced rate provided to FQHCs,
 
 [3]
 
 and DHH from December 1, 2001 through October 6, 2003 continued to pay them.
 

 On October 9, 2003, DHH advised NOHC by letter that the response to a request by DHH for information to determine whether NOHC was an FQHC did not provide “proper evidence” of qualification and concluded that NOHC was no longer an FQHC. NOHC’s enrollment as an FQHC was terminated immediately.
 

 An informal hearing was held on December 2, 2003, and on January 8, 2004, DHH advised NOHC:
 

 The adjustment of FQHC claims to physician claims will not be allowed. We will retain the monies withheld and initiate recoupment
 
 [4]
 
 of the remaining debt accrued December 1, 2001 through October 6, 2003. The amount you owe is $1,304,274.60. Payment plan options are available....
 

 NOHC subsequently requested an administrative appeal. Prior to the hearing, at the request of NOHC, DHH recalculated the amount of overpayment it had made to NOHC and adjusted it to $862,237.40, which allowed a credit for the amount NOHC would have been paid if it were not an FQHC. An additional credit of $28,031.24, representing “the monies currently withheld,” which DHH had | ¿retained, was applied to NOHC’s balance. Thus, DHH concluded NOHC owed over-payments in the amount of $834,206.16.
 

 The matter proceeded on NOHC’s administrative appeal. DHH filed a motion for summary judgment, seeking an affir-mance of its conclusion that NOHC owed overpayments in the amount of $834,206.16 and dismissal of NOHC’s appeal. After a hearing, on October 2, 2007, the ALJ signed a summary judgment dismissing NOHC’s appeal. NOHC filed a petition for judicial review in the district court. After a hearing, the district court upheld the ALJ’s grant of summary judgment in favor of DHH and the dismissal of NOHC’s claims. This appeal followed.
 

 On appeal, NOHC contends that the ALJ and the district court erred in dismissing its claims because the evidence admitted at the hearings demonstrates that genuine issues of material fact exist, precluding summary judgment.
 

 DISCUSSION
 

 A person wishing to contest an administrative sanction imposed on him by DHH
 
 *422
 
 may seek judicial review of an order imposed after a hearing only in the Nineteenth Judicial District Court conducted in compliance with the Louisiana Administrative Procedures Act (APA). La. R.S. 46:437.4 C.
 
 See also
 
 La. R.S. 49:950-972 (setting forth the provisions of the APA), particularly §§ 964 & 965 (providing for the procedures of judicial review and appeal thereof).
 

 Because the ALJ dismissed NOHC’s petition by summary judgment, our standard of review is
 
 de novo,
 
 using the same criteria used by the underlying tribunals. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact.
 
 Young v. Capitol Concrete Products, Inc.,
 
 2002-1822, pp. 2-3 (La.App. 1st Cir.6/27/03), 858 So.2d 513, 515,
 
 writ denied,
 
 2003-2095 (La.11/7/03), 857 So.2d 498. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B.
 

 A motion for summary judgment, which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law, shall be granted. La. C.C.P. art. 966 C (1). The burden of proof remains with the movant. If the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966 C(2). Material facts are those that potentially insure or preclude recovery, affect the litigant’s success, or determine the outcome of a legal dispute. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case.
 
 Young,
 
 02-1822 at p. 3, 858 So.2d at 516.
 

 According to 42 C.F.R. § 405.2401(b), FQHC is defined as an entity that has entered into an agreement with the Centers for Medicare/Medicaid Services (CMS) to meet Medicare program requirements under § 405.2434 and is receiving a grant under, among others, section 330 of the Public Health Service Act (PHSA). 42 C.F.R. § 405.2434 states that an FQHC must agree to maintain compliance with statutory requirements and must promptly report to CMS any changes that result in noncompliance.
 

 | (Although it is undisputed that between December 1, 2001 through October 6, 2003, NOHC was not an FQHC, the health center urges on appeal that there exists a genuine issue of material fact as to whether NOHC received correspondence, dated August 8, 2001, from EXCELTH president, Larry Spencer, advising NOHC of its intention to terminate its affiliation with NOHC. The gist of NOHC’s assertion is that because (1) the letter was addressed to NOHC president, Larry Broome, at his residence rather than to the office; (2) the record is devoid of written verification of receipt of the letter despite the fact that EXCELTH apparently sent the correspondence certified mail; and (3) the letter did not expressly advise NOHC that its status as an FQHC was in jeopardy, DHH has failed its burden of proving entitlement to summary judgment.
 

 In addition to the letter from EX-CELTH to NOHC, ostensibly sent on August 8, 2001, DHH filed into evidence the affidavit of Kristy Nichols, Director of the Bureau of Primary Care and Rural Health within DHH, stating that she oversees the provision of technical support to FQHCs and that, in her capacity as director, she was aware that NOHC had not received a
 
 *423
 
 grant under Section 330 of the PHSA since December 2001. NOHC did not offer anything to counter this showing. Thus, even without the August 8, 2001 letter, DHH established that NOHC was not eligible for FQHC status subsequent to December 1, 2001. Therefore, the issue of whether NOHC received the August 8, 2001 letter does not potentially insure or preclude recovery, affect the litigant’s success, or determine the outcome of a legal dispute and, as such, does not create a genuine issue of material fact precluding summary judgment.
 

 |7N0HC next maintains that the issue of whether DHH is entitled to recoup the alleged overpayments from the billings occurring between December I, 2001 and October 6, 2003, precludes summary judgment. Pointing to a letter from DHH to NOHC, dated October 9, 2003, the health center claims that it was considered an FQHC by DHH until the notice conveyed in the letter was provided. The October 9, 2003 letter advises in relevant part:
 

 Based on the fact that NOHC no longer qualifies as [an] FQHC pursuant to the [statutory] requirements cited above, DHH hereby terminates NOHC’s enrollment as [an] FQHC effective immediately. As of this date, NOHC will no longer be permitted to submit Claims for Payment to DHH ... at the FQHC rate.
 

 Because it is undisputed that NOHC did not submit any additional claims for payment subsequent to October 6, 2003, the health center asserts that its reasonable interpretation of the October 9, 2003 letter — that it was no longer permitted to make submissions at the FQHC rate— eliminates DHH’s recovery.
 

 DHH is empowered to establish a process to review a claim made by a health care provider to determine if the claim should be or should have been paid as required by federal or state law or by rule.
 
 See
 
 La. R.S. 46:437.4 A;
 
 see also
 
 La. R.S. 49:952. Pursuant to this power, DHH has duly promulgated LAC 50:1.4115 Al, which provides, “[DHH] has an obligation, imposed by federal and state laws and regulations, to ... review bills and claims submitted by providers before payment is made or after....” LAC 50:1.4115 B states in pertinent part:
 

 Providers have no right to receive payment for bills or claims submitted to [DHH].... Providers only have a right to receive payment for valid claims. Payment of a bill or claim does not constitute acceptance by [DHH] ... that the bill or claim is a valid | sclaim. The provider is responsible for maintaining all records necessary to demonstrate that a bill or claim is in fact a valid claim.
 
 [5]
 

 Thus, under the rules enacted by DHH, NOHC was subject to a review of its claims for payment even
 
 after
 
 payment was made. As such, the issue of whether DHH is entitled to recoup the alleged overpayments from the billings occurring between December 1, 2001 and October 6, 2003 is a legal issue, which does not preclude summary judgment. DHH established that it was entitled to summary judgment as a matter of law on this issue.
 

 In its final contention on appeal, NOHC claims a genuine issue of material fact exists concerning the issue of whether DHH should be estopped from seeking recoupment of the overpayment. Relying again on DHH’s October 9, 2003 letter, NOHC asserts the evidence adduced by
 
 *424
 
 DHH supports the conclusion that DHH continued to consider NOHC an FQHC until October 9, 2003 and that the health center was reasonable in believing its FQHC status survived termination of its affiliation with EXCELTH.
 

 Equitable estoppel is defined as “the effect of the voluntary conduct of a party whereby he is precluded from asserting rights against another who has justifiably relied on such conduct and changed his position so that he will suffer injury if the former is allowed to repudiate the conduct.”
 
 Dupont v. Hebert,
 
 06-2334, p. 7 (La.App. 1st Cir.2/20/08), 984 So.2d 800, 806,
 
 writ denied,
 
 08-0640 (La.5/9/08), 980 So.2d 695.
 

 Because the claims review rules include the right of DHH to undertake a |3post-payment review, DHH’s payment of NOHC’s claims does not support the conclusion that, at the time it paid the health center’s submissions, DHH considered NOHC to be an FQHC. Moreover, we note that post-payment review of claim submissions is conducted at the absolute discretion of directors within DHH.
 
 See
 
 LAC 50:1.4117 A.2d. Thus, under the claims review rules duly promulgated by the agency, DHH’s conduct in not reviewing claims submissions prior to payment is not the sort of conduct upon which NOHC could justifiably rely. Accordingly, the issue of whether DHH should be estopped from seeking recoupment of the overpayment is not a genuine issue of material fact that precludes summary judgment. Having established that as a matter of law it cannot be estopped from seeking recoupment of overpayment, DHH has demonstrated that it is entitled to summary judgment.
 
 [6]
 
 The ALJ correctly granted, and the district court correctly affirmed, summary judgment in favor of DHH, concluding that DHH is entitled to $834,206.16 in overpay-ments it made to NOHC under the FQHC rate and dismissing NOHC’s petition for judicial review.
 

 DECREE
 

 In light of the assertions raised by NOHC in this appeal, for the reasons we have stated, the district court judgment affirming the grant of summary judgment 11fland dismissing NOHC’s petition for judicial review is affirmed. Appeal costs are assessed against plaintiff-appellant, New Orleans Health Corporation.
 

 AFFIRMED.
 

 GUIDRY, J., concurs.
 

 [1]
 

 .
 
 See
 
 La. R.S. 36:254 A(6)(a), which provides that in addition to the functions, powers, and duties otherwise vested in the secretary of DHH by law, he shall act as the sole agent of the state in the administration of federal funds granted to the state or directly to the department for funding for the Medical Assistance Program, Title XIX of the Social Security Act.
 
 See also
 
 42 U.S.C.A. § 1396
 
 et seq.,
 
 which appropriates sums to be used to make payments to states with approved plans for medical assistance and regulates the plans, particularly § 1396 a(5), requiring the participating state to designate a single state agency to administer its program.
 

 [2]
 

 .
 
 See Community Clinic, Inc. v. Dep’t of Health and Mental Hygiene,
 
 174 Md.App. 526, 529 n. 2 922 A.2d 607, 609 n. 2 (Md.App.),
 
 cert. denied,
 
 400 Md. 647, 929 A.2d 890 (Md.2007).
 

 [3]
 

 .
 
 See
 
 42 C.F.R. 405.2460,
 
 et seq.
 

 [4]
 

 .
 
 See
 
 LAC 50:1.4161 (A)( 10) & (14), which permits the imposition of recoupment and or exclusion from the Medicaid program as sanctions for prohibited conduct;
 
 see also
 
 LAC 50:I.4145(A), which defines violations as prohibited conduct; and LAC 50:I.4147(A)(1), which states that the failure to comply with any or all federal and state laws applicable to the Medical Assistance Program in which a provider is participating is a violation.
 

 [5]
 

 . It is undisputed that NOHC submitted claims for payment as a provider, and that the recoupment DHH seeks from NOHC is as a result of its payment to NOHC as a provider participating in the Medical Assistance Program.
 
 See generally
 
 LAC 50:1.4101.
 

 [6]
 

 . Estoppel is an affirmative defense, which must be specially pleaded.
 
 See
 
 La. C.C.P. art. 1005. Although an agency is required to transmit to the reviewing court the original or a certified copy of the entire record of the proceeding under review within 30 days after service of the petition for judicial review, in this case only portions of the administrative record were transmitted; but because the appellant has not complained on appeal, we presume the parties stipulated to a shortened record as permitted by La. R.S. 49:964 D. Thus, while it is clear that the estoppel defense was not set forth with particularity in NOHC’s petition for judicial review, we do not have the entirety of the record before us by which to determine whether in the administrative proceedings the affirmative defense of estoppel was specially pleaded or if the pleadings were enlarged to encompass the defense for failure of DHH to object.
 
 See Dupont v. Hebert,
 
 06-2334 (La.App. 1st Cir.2/20/08), 984 So.2d 800,
 
 writ denied,
 
 08-0640 (La.5/9/08), 980 So.2d 695. But because we find no merit in NOHC's claim of estoppel, we find any procedural defect to be of no moment to our disposition of this appeal.