664 So.2d 561 (1995)
ESTATE of Diane HARRIS, Plaintiff-Appellee,
v.
Ernest J. LEDET, d/b/a Mr. Dee's Arcade, Defendant-Appellant.
No. 95-485.
Court of Appeal of Louisiana, Third Circuit.
November 2, 1995.
Writ Denied February 2, 1996.
Warren A. Perrin, Lafayette, for Estate of Diane Harris.
Randall Scott Iles, Lafayette, for Ernest Ledet d/b/a Mr. Dee's Arcade.
Before THIBODEAUX, WOODARD and KNIGHT[*], JJ.
THIBODEAUX, Judge.
In this workers' compensation case, defendant, Ernest J. Ledet, d/b/a Mr. Dee's Arcade appeals a judgment of the Office of Workers' Compensation finding that Diane Harris was an employee of Ledet's company, Mr. Dee's Arcade.
For the following reasons, we affirm.

ISSUE
The sole issue is whether the decedent, Diane Harris, was an employee of Mr. Dee's Arcade, when she was shot during a drive-by shooting incident.

FACTS
The parties stipulated to the following facts: On October 10, 1993, Ms. Harris was shot in her right temple at the Arcade in Breaux Bridge, Louisiana by a third party. Ms. Harris was incapacitated due to the shooting until her death on November 7, 1993. Ledet was notified about the shooting and the subsequent injury shortly thereafter. The parties further stipulated to the amount of Ms. Harris' medical expenses related to the shooting. On October 29, 1993, Ms. Harris' *562 husband and children submitted a demand to Mr. Ledet for workers' compensation benefits as a result of the shooting incident. Ledet paid no benefits to the claimants. Finally, the parties stipulated that Ledet provided no workers' compensation insurance coverage.
The only fact not stipulated to by the parties was whether the decedent, Ms. Harris, was an employee of Ledet when she was shot during the course of and arising out of her employment. The hearing officer found that she was an employee of Ledet based on the following facts:
Decedent worked for many years as a cashier in his [Ledet's] grocery stores. She quit or was fired at least five times. During this long relationship, she always worked for prevailing minimum wage as an hourly employee.
Decedent became pregnant; she took a leave of absence and, after her baby was born, began working for Leday's [sic] new business, Mr. Dee's Arcade.
She worked Thursday, Friday, Saturday and Sunday. She was shot around 7:00 p.m. on Sunday evening by a third party. She died on November 7, 1993.
Mr. Dee's was organized by defendant. Defendant obtained the occupational license, secured the lease, negotiated the installation of video games, provided the financing, provided the deposit to turn on the electricity, prepared and maintained the books, and, generally did what one would normally expect an owner to do for his business. Decedent was a cashier and made change for the kids. She was not even give a key to the business. Total control of the business was retained by Leday [sic].
Ledet denied that Ms. Harris was his employee; instead, he alleged that she was his partner in the arcade business.
Mr. Harris and his son testified that his wife returned to work for Ledet in the capacity of an employee, and was to receive minimum wage to be paid on a weekly basis. Neither Mr. Harris nor his son had first hand knowledge of the business relationship. They testified as to what Ms. Harris told them about her employment. On the other hand, Ledet testified that the agreement between him and Ms. Harris was a partnership with Ledet investing money and Ms. Harris working as manager. Ledet was also responsible for making all arrangements necessary to secure an occupational license. Ledet further testified that he and Ms. Harris agreed to share in the profits on an equal basis. Ms. Harris was shot only four days after the Arcade opened, and no profit was realized. Ledet testified that the business experienced a loss which was attributed fifty percent to Ms. Harris. Ledet has not billed the estate for this loss. Other than his own testimony and that of his good friend, Ernest Alexander, Ledet did not submit any other evidence of the existence of a partnership between him and Ms. Harris.

LAW AND DISCUSSION
Ledet argues that the hearing officer committed manifest error in finding that he and Ms. Harris had an employer/employee relationship based solely on hearsay evidence. We disagree. Both parties presented witnesses who testified as to what Ms. Harris told each of them about her employment relationship with Ledet. However, we disagree with Ledet that hearsay evidence was the sole basis of the hearing officer's finding that Ms. Harris was Ledet's employee as opposed to his partner in the Arcade business.
Louisiana Revised Statute 23:1044 provides in part:
A person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter. (Emphasis added).
Louisiana Civil Code Article 2801 provides:
A partnership is a juridical person, distinct from its partners, created by a contract between two or more persons to combine their efforts or resources in determined proportions and to collaborate at mutual risk for their common profit or commercial benefit.
In Shelvin v. Waste Management, Inc., 580 So.2d 1022 (La.App. 3 Cir.1991), this *563 court listed the four primary evidentiary factors considered in deciding the issue of whether a person is an employee. The four factors are: (1) the selection and engagement; (2) payment of wages; (3) power of dismissal; and, (4) power of control.
The burden of proof was on Ledet to prove by evidence sufficient to overcome the presumption that Ms. Harris was not his employee at the Arcade. Maurice v. Orleans Parish School Board, 295 So.2d 184 (La.App. 4 Cir.1974). The hearing officer concluded correctly that the evidence failed to overcome such presumption.
Mr. Ledet owns several businesses in Breaux Bridge. He has partners in only one of his businesses, Dad's Supermarket. His partners in the supermarket business are his wife and sister-in-law. His wife and sister-in-law have been his partners for about ten years. Prior to Ms. Harris working at the Arcade, she worked for Ledet in a grocery store where the Arcade now stands. He paid Ms. Harris the prevailing minimum wage and she worked as an hourly employee. Ms. Harris worked off and on for Ledet for eight to ten years. Ms. Harris had no special training or education in business. Ledet trained Ms. Harris to be a cashier. Ledet also testified that he trained her to be a manager.
Ledet further testified that Ms. Harris' part of the partnership was to do the work. Ledet leased the Arcade building, entered into an agreement with the arcade machine company to provide the games and equipment, and made all decisions about the business terms. Ledet did not discuss insurance coverage with Ms. Harris and did not provide workers' compensation insurance.
At the time of her shooting, Ms. Harris was in her thirties and had always worked for minimum wage and had trouble paying her bills. On the other hand, Mr. Ledet was a sophisticated business man who owned numerous businesses. A wide divergence of education and experience separate Ledet and Ms. Harris with Ms. Harris apparently lacking Ledet's business savvy. Ledet gave Ms. Harris several personal loans and several chances for employment. In view of all the facts, it is more reasonable to conclude that Ledet gave Ms. Harris a job at the Arcade when she decided to go back to work after giving birth to her last child. The above facts coupled with the presumption of employment contained in La.R.S. 23:1044 lead to the inescapable conclusion that Ms. Harris was an employee of Ledet when she was shot at the Arcade. Harper v. Ragus, 62 So.2d 167 (La.App. 2 Cir.1952).

CONCLUSION
For the foregoing reasons, the judgment of the hearing officer is affirmed. Costs are taxed against defendant-appellant, Ernest J. Ledet, d/b/a Mr. Dee's Arcade.
AFFIRMED.
NOTES
[*] Judge William N. Knight of the Thirty-First Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.