STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

05-1559


MARY CAVAZOS

VERSUS

SOUTHERN CONSTRUCTION SUPPLY, INC.


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - DISTRICT 4
PARISH OF LAFAYETTE, NO. 04-01213
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Sylvia R. Cooks, Oswald A. Decuir, and Marc T. Amy, Judges.

REVERSED AND REMANDED.


Michael B. Miller
Attorney at Law
P. O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
Counsel for Plaintiff/Appellee:
    Mary Cavazos

Mark Ackal
Mark Ackal & Associates
P. O. Box 52045
Lafayette, LA 70505-2045
(337) 237-5500
Counsel for Defendant/Appellant:
    Southern Construction Supply, Inc.

**DECUIR, Judge.**

In this workers' compensation case, the defendant, Southern Construction Supply, Inc., seeks to reverse a grant of summary judgment in favor of the claimant, Mary Cavazos. For the reasons that follow, we reverse and remand.

## FACTS

Sometime in 1996, Mary Cavazos began working as a babysitter and cleaning lady for James and Lori Guinn. At the time, she was paid by the Guinns in cash or personal check. In 1999, the Guinns completed an office building next to their home out of which they operated their business, Southern Construction Supply, Inc. At about the same time, Cavazos asked for a raise. The Guinns agreed to the raise but indicated that they would like to have her clean the office as well. Cavazos' duties remained essentially the same and with the exception of cleaning the office a couple of hours a week, she worked in the Guinns' residence. However, because the Guinns were often absent from the home when it was time for Cavazos to be paid, she began to be paid through Southern Construction Supply, Inc.

Over the next four years, her responsibilities varied and included occasional cleaning for some of the Guinns' relatives and cleaning the company's recreational vehicle for trips, but her hours remained the same. On November 3, 2003, while working at the Guinns' residence, Cavazos fell while attempting to repair a toy tractor belonging to one of the Guinns' children. Subsequently, she filed a claim for workers' compensation benefits against Southern Construction Supply, Inc.

Southern Construction Supply, Inc. filed a motion for summary judgment alleging that Cavazos was not its employee but was a domestic employee of the Guinns and was not covered by the compensation act. Cavazos filed a counter motion for summary judgment seeking dismissal of Southern Construction Supply, Inc.'s defense. The workers' compensation judge found that Cavazos was employed by

Southern Construction Supply, Inc. and granted her motion for summary judgment and denied the motion of Southern Construction Supply, Inc. Subsequently, Southern Construction Supply, Inc. lodged this appeal.

**SUMMARY JUDGMENT**

A motion for summary judgment shall be granted when the mover establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, based on the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits. La.Code Civ.P. art. 966. Summary judgment is now favored, however, the mover still bears the burden of establishing that no material issue of fact exists. *Stephenson v. Van Vleit*, 96-1407 (La.App. 3 Cir. 4/30/97), 693 So.2d 858, *writ denied*, 97-1431 (La. 9/19/97), 701 So.2d 174. An appellate court reviews a summary judgment *de novo*, using the same criteria as the district court which determined that summary judgment was appropriate. *Reynolds v. Select Properties, Ltd.*, 93-1480 (La. 4/11/94), 634 So.2d 1180.

Southern Construction Supply, Inc. argues that the workers' compensation judge erred in finding that Cavazos was its employee and in granting her motion for summary judgment. We agree.

In *Jordan v. Central Management Co.*, 99-748, p. 7 (La.App. 3 Cir. 10/13/99), 745 So.2d 116, 120, *writ denied*, 99-3231 (La. 1/14/00), 753 So.2d 220, this court said:

> A prerequisite to any workers' compensation action is the existence of an employer-employee relationship. *Boswell v. Kurthwood Manor Nursing Home,* 94-703 (La.App. 3 Cir. 12/7/94); 647 So.2d 630, *writ denied,* 95-0050 (La. 3/17/95); 651 So.2d 267. The claimant bears the burden of proving the employer-employee relationship by a preponderance of the evidence. *Id.* The right to control is the essence of the employer-employee relationship, as evidenced by four factors: (1) selection and engagement, (2) payment of wages, (3) power of dismissal, and (4) power of control. *Id.* No single factor is determinative, but the totality of the circumstances must be considered. *Id.*

2

In this case, the determination of whether Southern Construction Supply, Inc. is Cavazos' employer is critical because if it is, workers' compensation benefits may be available. However, if she is a domestic employee of the Guinns, she is not covered by the act. Louisiana Revised Statutes 23:1035(B).

In his reasons for judgment, the workers' compensation judge indicated that he was somewhat unsure of his decision in part because he had not heard testimony. As a result, he elected to err on the side of the claimant. We have reviewed the materials submitted by the parties, and like the workers' compensation judge, are uncomfortable with making a determination as to who is Cavazos' employer. However, we find neither party has established that they are entitled to judgment as a matter of law. Moreover, we find that there are genuine issues of material fact in dispute particularly with regard to the factors enunciated in *Jordan*. Accordingly, the workers' compensation judge erred in granting Cavazos' motion for summary judgment.

## DECREE

For the foregoing reasons, the judgment of the workers' compensation judge is reversed, and the case is remanded for further proceedings. Costs of these proceedings are taxed one-half to Mary Cavazos and one-half to Southern Construction Supply, Inc.

**REVERSED AND REMANDED**.