STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-863


MARY CAVAZOS

VERSUS

SOUTHERN CONSTRUCTION SUPPLY, INC.



**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 04-01213
SAM L. LOWERY, WORKERS' COMPENSATION JUDGE

**********

OSWALD A. DECUIR
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, and Sylvia R. Cooks and Oswald A. Decuir, Judges.

Cooks, J., dissents.

AFFIRMED.


Michael B. Miller
P. O. Drawer 1630
Crowley, LA 70527-1630
(337) 785-9500
Counsel for Plaintiff/Appellant:
    Mary Cavazos

Mark Ackal
Mark Ackal & Associates
P. O. Box 52045
Lafayette, LA 70505-2045
(337) 237-5500
Counsel for Defendant/Appellee:
    Southern Construction Supply, Inc.

**DECUIR, Judge.**

In this workers' compensation case, the claimant, Mary Cavazos (Cavazos), appeals a judgment dismissing her claim on the grounds that she was not an employee of the defendant, Southern Construction Supply, Inc.(Southern). For the reasons that follow, we affirm.

## FACTS

Sometime in 1996, Mary Cavazos began working as a babysitter and cleaning lady for James and Lori Guinn. At the time, she was paid by the Guinns in cash or personal check. In 1999, the Guinns completed an office building next to their home out of which they operated their business, Southern Construction Supply, Inc. At about the same time, Cavazos asked for a raise. The Guinns agreed to the raise but indicated that they would like to have her clean the office as well. Cavazos' duties remained essentially the same and, with the exception of cleaning the office a couple of hours a week, she worked in the Guinns' residence. However, because the Guinns were often absent from the home when it was time for Cavazos to be paid, she began to be paid through Southern Construction Supply, Inc. because someone was usually in the office.

Over the next four years, her responsibilities varied and included occasional cleaning for some of the Guinns' relatives and cleaning the company's recreational vehicle for trips, but her hours remained the same. On November 3, 2003, while working at the Guinns' residence, Cavazos fell while attempting to repair a toy tractor belonging to one of the Guinns' children. Subsequently, she filed a claim for workers' compensation benefits against Southern Construction Supply, Inc.

Southern Construction Supply, Inc. filed a motion for summary judgment alleging that Cavazos was not its employee but was a domestic employee of the Guinns and was not covered by the compensation act. Cavazos filed a counter motion

for summary judgment seeking dismissal of Southern Construction Supply, Inc.'s defense. The workers' compensation judge found that Cavazos was employed by Southern Construction Supply, Inc. and granted her motion for summary judgment and denied the motion of Southern Construction Supply, Inc. Subsequently, Southern Construction Supply, Inc. appealed to this court which reversed the grant of summary judgment and remanded the case to the workers' compensation judge. *Cavazos v. Southern Construction Supply, Inc.*, 05-1559 (La.App. 3 Cir. 5/3/06), 929 So.2d 863.

After trial on the merits, the workers' compensation judge found that Cavazos was a domestic employee of the Guinns and not an employee of Southern Construction Supply, Inc. and, therefore, was not entitled to benefits. Cavazos lodged this appeal. For the reasons that follow, we affirm.

**PRESUMPTION OF EMPLOYMENT**

Cavazos first asserts that the workers' compensation judge erred in failing to find that she was presumed to be an employee of Southern at the time of her injury.

There is a presumption that, "[a] person rendering service for another in any trades, businesses or occupations covered by this Chapter is presumed to be an employee under this Chapter." La.R.S. 23:1044. This presumption is rebuttable. *Shelvin v. Waste Management, Inc.*, 580 So.2d 1022 (La.App. 3 Cir. 1991). The employer bears the burden of proof in overcoming this presumption and in showing that a worker is not an employee for workers' compensation purposes. *Estate of Harris v. Ledet*, 95-485 (La.App. 3 Cir. 11/2/95), 664 So.2d 561, *writ denied*, 95-2894 (La. 2/2/96), 666 So.2d 1102.

In support of this assignment, Cazavos argues only that the workers' compensation judge's reasons for judgment do not acknowledge the presumption. This argument is unpersuasive. "Reasons for judgment by a trial judge are not

2

controlling and do not constitute the judgment of the court." *Succession of Hackney*, 97-859, p. 7 (La.App. 3 Cir. 2/4/98), 707 So.2d 1302, 1307. This assignment has no merit.

## EMPLOYMENT

Cavazos' remaining three assignments amount to an assertion that the workers' compensation judge erred in failing to find that she was employed by Southern and in not awarding benefits, penalties, and attorney fees. A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. *Stobart v. State Dep't of Transp. and Dev.,* 617 So.2d 880, 882. The reviewing court must review the record in its entirety to determine whether the trial court's finding was clearly wrong or manifestly erroneous. *Id.*

In this case, the determination of whether Southern is Cavazos' employer is critical because if it is, workers' compensation benefits may be available. However, if she is a domestic employee of the Guinns, she is not covered by the act. La.R.S. 23:1035(B). Louisiana Revised Statutes 23:1035(B) provides, in pertinent part, as follows:

> B. (1) There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder...

The Guinns contend that they are exempt from coverage pursuant to La.R.S. 23:1035(B) because Cavazos was employed as a housekeeper for their private residence. Cavazos argues that Lori Guinn, as president of Southern, selected her, engaged her services, could fire her, and exercised control over her. She argues that these are the factors that determine employment. *Harrington v. Hebert*, 00-1548, (La.App. 3 Cir. 5/23/01), 789 So.2d 649. While the presence of these factors is important, the resolution of the question is fact specific. *Id.* It is true that Lori Guinn

3

had the authority to do all of the enumerated things. However, it is also evident that she had that authority as the owner of her private residence. The fact that she was president of Southern, does not mean that she was acting in that capacity when dealing with Cavazos.

We find that the workers' compensation judge was correct in finding that Cavazos was an employee of the Guinns rather than of Southern and, therefore, is not entitled to benefits. Although Southern paid Cavazos at the time of the accident, the evidence is clear that her payment by Southern was a convenience to insure that she was paid in a timely fashion when the Guinns were away from their residence. While occasionally providing cleaning service at the office adjacent to the Guinns' residence, Cavazos' primary function was as a housekeeper for the residence. The evidence from the Guinns and Cavazos herself supports this conclusion. The workers' compensation judge's determination that Cavazos was "an employee of a private residential householder" providing services "in connection with the private residential premises of such householder" is not manifestly erroneous. La.R.S. 23:1035(B).

## DECREE

Accordingly, the judgment of the workers' compensation judge is affirmed. All costs of these proceedings are taxed to appellant, Mary Cavazos.

**AFFIRMED**.

4