THERIOT, J.
|2Pennis L. Batte, the claimant, appeals the ruling of the Office of Workers’ Compensation (“OWC”) to grant summary judgment in favor of the defendant, Henry “Hank” Lawrence, dismissing Mr. Batte’s disputed claim for compensation with prejudice. For the following reasons, we reverse and remand.
FACTS AND PROCEDURAL HISTORY
In his disputed claim for compensation, Mr. Batte claimed he fell from a ladder at Mr. Lawrence’s residence on or about September 7, 2011. Both parties in this matter submitted sworn affidavits to the OWC. Mr. Batte’s affidavit stated he was employed by Mr. Lawrence for approximately one year when he was injured while performing manual labor at Mr. Lawrence’s private residence. The employment, according to Mr. Batte, was by oral contract to perform work and manual labor at Mr. Lawrence’s residence, rental property, and office building, at the rate of $16.00 per hour, at an average of 30 to 40 hours per week. In his disputed claim for compensation, Mr. Batte described his occupation as “carpenter.” Mr. Batte further claimed that Mr. Lawrence assigned him various tasks, supervised the work, and maintained control over the work Mr. Batte performed.
In his affidavit, Mr. Lawrence admitted that he knows Mr. Batte, who had done work for him in the past, but denied that Mr. Batte was his employee at any time. Mr. Lawrence characterized Mr. Batte as an independent contractor who performed work as needed at the various properties that Mr. Lawrence owned. Mr. Lawrence claimed he paid Mr. Batte by the job and did not at any time pay him an hourly salary.
Mr. Lawrence further admitted that he was aware of Mr. Batte’s accident, which occurred at his residence. Mr. Batte was making repairs to |sthe house while standing on a ladder. According to the answer, Mr. Lawrence stated his father informed Mr. Batte that the ladder was placed in an unsafe location. The ladder was moved, but Mr. Batte moved the ladder back to the unsafe location and continued working. Mr. Lawrence heard the ladder fall, went *1248 to the ladder and found Mr. Batte. For a few months after the accident, Mr. Lawrence claimed he gave money to Mr. Batte as gifts of assistance, but not out of any obligation he felt he owed Mr. Batte.
Mr. Batte filed his disputed claim for compensation on February 17, 2012. Therein Mr. Batte claimed to be employed by Mr. Lawrence when he fell from the ladder while repairing Mr. Lawrence’s roof, and that Mr. Lawrence paid his wages for several weeks after the accident but discontinued the payments in December of 2011 and has refused to pay any of Mr. Batte’s medical bills. Mr. Lawrence filed a motion for summary judgment on June 21, 2012, alleging there was no genuine issue of material fact that Mr. Batte was not his employee at the time of the accident. Mr. Lawrence also argued he is exempt from liability under Louisiana Revised Statutes 23:1035(B)(1). The affidavits of Mr. Batte and Mr. Lawrence were the only evidence submitted at the hearing for the motion on summary judgment.
Based on the evidence, the OWC granted the motion for summary judgment. The judgment was rendered on July 30, 2012 finding, that Mr. Batte was the employee of a private residential householder, who is exempt from workers’ compensation coverage pursuant to Louisiana Revised Statutes 23:1035(B)(1). Mr. Batte filed a devolutive appeal on September 26,2012.
^ASSIGNMENT OF ERROR
Mr. Batte contends the trial court committed manifest error by granting summary judgment and finding that Mr. Batte was not the employee of Mr. Lawrence, thereby excluding him from coverage provided under the Louisiana Workers’ Compensation Act.
STANDARD OF REVIEW
The applicable standard of review for an appellate court considering summary judgment is de novo.[1] Populis v. Home Depot, Inc., 2007-2449, p. 2 (La.App. 1 Cir. 5/2/08), 991 So.2d 23, 24, writ denied, 2008-1155 (La.9/19/08), 992 So.2d 943. A summary judgment shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).
DISCUSSION
Mr. Batte was injured while performing roof repairs on Mr. Lawrence’s private residence. No evidence was introduced at the hearing on the motion for summary judgment as to Mr. Batte’s net earnings. Mr. Lawrence stated in his affidavit that Mr. Batte was paid by the job, but offered no dollar figures as to Mr. Batte’s net earnings. Mr. Batte claimed to earn $16.00 an hour, working between 30 and 40 hours a week, but offered no dollar figures as to his net earnings. Mr. Batte claimed his salary was for all the work he did on Mr. Lawrence’s properties, not just his private residence. While Mr. Lawrence admitted that Mr. Batte performed work on all of his properties, he denied paying Mr. Batte a salary and claimed Mr. Batte worked as an independent contractor. Taking both affidavits into | Baccount, there was an oral agreement between the parties that Mr. Batte would perform work and services for Mr. Lawrence on his properties.
On July 30, 2012, the trial court signed a final judgment granting Mr. Lawrence’s motion for summary judgment and dismissing Mr. Batte’s claim with prejudice. *1249 In its stated reasons, the OWC found Mr. Lawrence to be exempt from the requirement of Workers’ Compensation insurance coverage under La. R.S. 23:1035(B)(1), which states in part:
There is exempt from coverage ... all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder ... when the employee’s annual net earnings for labor, work, or services amounts to one thousand dollars or less ... and which labor, work, or services are not incidental to and do not arise out of any trade, business or occupation of such householder ... With respect to such labor, work, or services and any employee performing the same, a private residential householder ... shall have no liability under the provisions of [the Workers’ Compensation Act] either as employer or as a principal.
Nothing in the record establishes the net earnings of Mr. Batte. Mr. Batte claims he was paid by the hour. Mr. Lawrence claims Mr. Batte was paid by the job. Regardless of the method of payment, the net earnings of the claimant is a genuine issue of material fact that needs to be known when applying La. R.S. 23:1035(B)(1). We find a genuine issue of material fact to exist as to the net earnings of Mr. Batte. If the net earnings of Mr. Batte are less than one thousand dollars, the statute may be applicable to the defendant if the other criteria are met. If the net earnings of Mr. Batte are greater than one thousand dollars, then the statute is not applicable to the defendant. Therefore, the OWC erred in granting the motion for summary judgment based on La. R.S. 23:1035(B)(1).
^CONCLUSION
One of the criteria needed to determine if an employer falls under the exception of La. R.S. 23:1035(B)(1) is the amount of net earnings the claimant has been paid. The record is devoid of the net earnings Mr. Lawrence paid Mr. Batte. For the purpose of this appeal, it is immaterial whether Mr. Batte was paid by the hour or by the job. The crucial issue is the net amount Mr. Batte was paid. Without evidence of Mr. Batte’s net earnings, we find the OWC legally erred in granting summary judgment based on La. R.S. 23:1035(B)(1).
DECREE
The OWC’s granting of summary judgment in favor of the appellee, Henry “Hank” Lawrence, is reversed, and the disputed claim for workers’ compensation filed by the appellant, Dennis L. Batte, is reinstated. This matter is remanded to the OWC for further proceedings consistent with this opinion. All costs of this appeal are assessed to the appellee.
REVERSED AND REMANDED.
CRAIN, J., concurs in result.

. Although Mr. Batte suggests that the standard of review in this matter is manifest error, the jurisprudence shows that the correct standard of review is de novo.