# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 22-727


RICKY HAMILTON

VERSUS

HOUSE OF BLESSING CHURCH, INC., ET AL.


\*\*\*\*\*\*\*\*\*\*

APPLICATION FOR SUPERVISORY WRITS FROM THE
OFFICE OF WORKERS' COMPENSATION - District 02
PARISH OF RAPIDES, NO. 21-05310
JAMES L. BRADDOCK, WORKERS' COMPENSATION JUDGE

\*\*\*\*\*\*\*\*\*\*

### SHANNON J. GREMILLION
### JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Jonathan W. Perry, Judges.


**REVERSED.**

**Candy F. Be**
**Gordon, McKernan Injury Attorneys**
**5656 Hilton Avenue**
**Baton Rouge, LA 70808**
**(225) 228-2902**
**COUNSEL FOR PLAINTIFF/RESPONDENT:**
    **Ricky Hamilton**

**Duncan McKeithen**
**Johnson, Siebeneicher & Ingram**
**A Professional Law Corporation**
**2757 Highway 28 East**
**Pineville, LA 71360**
**(318) 484-3911**
**COUNSEL FOR DEFENDANTS/RELATORS:**
    **Richard Sarver**
    **House of Blessing Church, Inc.,**
    **Sarver Construction, Co.,**
    **Sarver Properties I-9 L.L.C.**
    **The Galilean Ministries, Inc.**

**GREMILLION, Judge.**

This matter comes to us as a request for supervisory writs from a Workers' Compensation judgment that denied Relators' motion for summary judgment. Pursuant to La.Code Civ.P. art. 966(H), we granted the writ and assigned it for briefing and argument. For the reasons that follow, we reverse.

Respondent, Ricky Hamilton, filed a disputed claim for compensation alleging that he fell from the roof of Richard Sarver's home while installing Christmas lights, and that at the relevant time, November 9, 2020, he was employed by Richard Sarver Estate, Inc. as a painter. In August of 2022, Relators filed their motion for summary judgment asserting that Respondent was not a covered employee under the Workers' Compensation Act, and consequently, they owed him no benefits under the Act. The workers' compensation judge denied the motion on October 7, 2022. Relators now ask us to review that ruling.

Louisiana Revised Statutes 23:1035(B)(1) provides:

> There is exempt from coverage under this Chapter all labor, work, or services performed by any employee of a private residential householder in connection with the private residential premises of such householder or any employee of a private unincorporated farm, in connection with cultivating the soil, or in connection with raising or harvesting of any agricultural commodity, including the management of livestock, when the employee's annual net earnings for labor, work, or services amounts to one thousand dollars or less and the total net earnings of all employees of such farm do not exceed two thousand five hundred dollars and which labor, work, or services are not incidental to and do not arise out of any trade, business, or occupation of such householder or private unincorporated farm. With respect to such labor, work, or services and any employee performing the same, a private residential householder or a private unincorporated farmer, shall have no liability under the provisions of this Chapter either as employer or as a principal; however, any person who is engaged in the trade, business, or occupation of furnishing labor, work, or services to private residential premises or farms, shall be liable under the provisions of this Chapter to his employees or their dependents for injury or death arising from and incidental to their employment in rendering such labor, work, or services.

Relators argue that Respondent is not a covered employee under the Act because he was working for a private residential householder, and the work was not part of the householder's trade, business, or occupation. *Cavazos v. S. Constr. Supply, Inc.*, 08-863 (La.App. 3 Cir. 12/10/08), 999 So.2d 355, *writ denied*, 09-73 (La. 3/6/09), 3 So.3d 491. Further, they contend that he earned substantially less than $1,000.00 total net earnings for the work he did. We note that other circuits have found that this limit applies to employees of private residential householders. *See Batte v Lawrence*, 12-1953 (La.App. 1 Cir. 6/7/13), 118 So.3d 1246, *Gamez v. Pinke*, 12-566 (La.App. 4 Cir. 8/1/12), 98 So.3d 897. As discussed herein, because Respondent submitted no evidence to countervail Relator's assertion that his earnings did not exceed $1,000.00 to trigger the exception, we need not address that question.

Relators supported their motion with affidavits from Richard Sarver and two eyewitnesses, Cade Sarver and Raven Harris. These offerings provide clear proof that the elements necessary to trigger the coverage exemption set forth in La.R.S. 23:1035 are present here: namely, that the work was being done at Sarver's private residence, that the work was not incidental to and did not arise out of any trade, business, or occupation of Sarver or any of the other defendants; and that he was paid less than $1,000.00 for hanging the lights. Respondent filed no opposition to the motion for summary judgment.

Once a motion for summary judgment has been properly supported, as in the instant matter, the burden shifts to the non-moving party to produce evidence of a material factual dispute which establishes the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La.Code Civ.P. art 966(D)(1). Failure to do so "mandates the granting of the motion for summary judgment." *Himes v. State through Dep't of Transp. and Office of Eng'g*, 21-138, p.

2

4 (La.App. 1 Cir. 6/4/21), 327 So.3d 536, 538. Because Respondent provided no response once the burden shifted to him, it goes without saying that his burden was not met. The trial court erred in ruling otherwise.

Respondent urges that we not consider the affidavits, arguing that they were not offered into evidence at the hearing before the court below. His position lacks merit. First, we note that affidavits are among the documents that may be filed in support of a motion for summary judgment. La.Code Civ.P. art. 966(A)(4). Further, once such a document is filed, the law provides that the trial court "shall consider" it when "no objection is made[]" by way of a "timely filed opposition." La.Code Civ.P. art. 966(D)(2). Again, Hamilton's failure to oppose Relators' motion is fatal to his position. The trial court properly considered the affidavits and so did we.

Next, we address the trial court's conclusion that the affidavits of Cade Sarver and Raven Harris did not support the motion because they were not necessarily based on personal knowledge; thus, their assertions that Respondent's work was not incidental to and did not arise out of any trade, business, or occupation of Richard Sarver or any of the other defendants failed to support Relators' position. It is true that an affidavit in connection with a motion for summary judgment must establish "how the affiant obtained the knowledge." *Jones v. Boot Bar & Grill*, 22-154, p. 17 (La.App. 4 Cir. 10/5/22), 350 So.3d 968, 981, *writ denied*, 22-1639 (La. 1/18/23), 353 So.3d 728. However, we find that the affidavit of Richard Sarver, without more, established the necessary facts. Thus, any shortcomings of the other affidavits approach irrelevancy.

Finally, Respondent attacks the evidence provided by Relators as not expressly discussing the defendants by name, not explaining what trade, business, or occupation the Relators are in, and not addressing any possible employment relationship between Respondent and Sarver's alleged seven businesses. This

3

argument is without merit for the same reasons. In order to create a genuine issue of material fact an allegation must be supported with evidence in any one of the forms allowed by law. There is no such evidence. The questions raised by Respondent, therefore, represent nothing more than speculation and conjecture. They do not forestall the granting of a properly supported motion for summary judgment.

## DISPOSITION

Relators' affidavits in support of their motion for summary judgment established Respondent was not covered under the Workers' Compensation Act. That evidence properly supported that motion. The burden to establish a material factual dispute then shifted to Respondent, and he did not meet his burden. Accordingly, we hereby reverse the workers' compensation judge and grant the Relators' motion for summary judgment and dismiss the Plaintiff/Respondent's case. All costs of this appeal are taxed to Respondent, Ricky Hamilton.

**REVERSED.**