886 So.2d 495 (2004)
John Howard OSBORN
v.
UNIT DRILLING COMPANY, A Subsidiary of Unit Corporation, and Liberty Mutual Insurance Company.
No. 2004 CA 0014.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
Writ Denied October 15, 2004.
*496 Elliott W. Atkinson, Jr., Baton Rouge, for Appellant, Edie Osborn.
Patrick F. Robinson, Baton Rouge, for Appellees, Unit Drilling Company and Liberty Mutual Insurance Company.
Before: CARTER, C.J., PARRO, and GUIDRY, JJ.
CARTER, C.J.
Edie Osborn appeals a decision of the Office of Workers' Compensation (OWC) that dismissed her claim for workers' compensation death benefits.

FACTS
On November 20, 2001, while in the course and scope of his employment as a rig manager with Unit Drilling Company, John Osborn was injured when a 3/8-inch chain raising a piece of equipment broke, striking him in the head, face, and right arm. As a result of his injuries, Mr. Osborn was hospitalized for seven days, during which time he underwent surgery to his arm and was treated daily for pain. After his release from the hospital, Mr. Osborn faced extensive treatment, including skin and possible bone grafts. He also continued taking pain medication daily. Seven days after his release from the hospital (fifteen days after the accident), Mr. Osborn suffered a fatal heart attack.
Edie Osborn, Mr. Osborn's widow, filed a claim for death benefits with the OWC. The Workers' Compensation Judge (WCJ) dismissed Ms. Osborn's claim, concluding that Ms. Osborn had not met her burden of proof under LSA-R.S. 23:1021(7)(e) for recovery based on a heart-related or perivascular death. Ms. Osborn now appeals.

DISCUSSION
In general, dependents of an injured employee are entitled to receive benefits for any injury that arises in the course and scope of employment that results in the death of the employee. Quinones v. United States Fidelity and Guaranty Company, 93-1648 (La.1/14/94), 630 So.2d 1303, 1306; see LSA-R.S. 23:1031 and 1231. The claimant bears the burden of establishing a causal connection between the employment accident and resulting death by a reasonable preponderance of the evidence. Quinones, 630 So.2d at 1307.
*497 However, when the employee's death is the result of a heart-related or perivascular injury arising out of and in the course of employment, the general requirements do not apply and the claim is governed under LSA-R.S. 23:1021(7)(e), which provides:
A heart-related or perivascular injury, illness, or death shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter unless it is demonstrated by clear and convincing evidence that:
(i) The physical work stress was extraordinary and unusual in comparison to the stress or exertion experienced by the average employee in that occupation, and
(ii) The physical work stress or exertion, and not some other source of stress or preexisting condition, was the predominant and major cause of the heart-related or perivascular injury, illness, or death.
The statute restricts such compensable heart attack deaths to those arising out of physical work stress in the job environment. Hatcherson v. Diebold, Inc., 00-3263 (La.5/15/01), 784 So.2d 1284, 1290-91. LSA-R.S. 23:1021(7)(e) also imposes on the claimant the heightened burden of proof by clear and convincing evidence, which is intended to exclude from coverage an employee who just happened to have a heart attack while performing his job. Hood v. Metro Industrial Corp., 00-2158 (La.App. 1 Cir. 12/28/01), 806 So.2d 848, 851-52, writ denied, 02-0947 (La.9/30/02), 825 So.2d 1185.
In this case, the WCJ analyzed the claim for death benefits under LSA-R.S. 23:1021(7)(e). On appeal, however, Ms. Osborn argues that the fatal heart attack Mr. Osborn experienced was a consequence of the physical injury Mr. Osborn suffered during the course and scope of his employment. Thus, this case arguably does not fall under the purview of LSA-R.S. 23:1021(7)(e) and should have been analyzed under general workers' compensation principles.
The Louisiana Supreme Court has recognized that not all cases in which the employee suffers a heart-related or perivascular injury fall within the scope of LSA-R.S. 23:1021(7)(e). Specifically, the court noted that LSA-R.S. 23:1021(7)(e) was not intended to apply to those "heart-related" or "perivascular" injuries that directly result from some physical impact that arises out of and is incurred in the course and scope of employment. Charles v. Travelers Insurance Co., 627 So.2d 1366, 1371 n. 15 (La.1993).[1] In those cases, the claims for workers' compensation benefits would not be analyzed under LSA-R.S. 23:1021(7)(e), but would be considered under general workers' compensation principles.
In this case, the medical evidence establishes that as a result of the November 20 accident, Mr. Osborn suffered a skull fracture, facial injuries, and open fractures of his right forearm. Mr. Osborn remained hospitalized for one week, with part of that time being spent in the intensive care unit. *498 By all accounts, Mr. Osborn was in severe pain after the accident. In fact, one hour before his fatal heart attack, Mr. Osborn took prescription pain medication.
Dr. Harris A. Lappin, a cardiologist, testified at trial after reviewing Mr. Osborn's medical records, although he did not have the benefit of ever seeing Mr. Osborn. Dr. Lappin did not believe that Mr. Osborn's physical injuries actually created the heart attack. However, he emphatically stated that, in his opinion, Mr. Osborn would not have died but for the accident. Dr. Lappin explained that the trauma of the accident and the resulting injuries created substantial stress, which triggered shear forces. Those shear forces contributed to plaque disruption and ultimately stenosis (in this case a 95% narrowing) of the left anterior descending artery, which shut down blood flow. Thus, in Dr. Lappin's opinion, the accident was causally connected to Mr. Osborn's death.
Both Dr. Thomas B. Ford, who treated Mr. Osborn in the emergency room after the November 20 accident, and Dr. Louis Cataldie, the coroner who reviewed the autopsy performed on Mr. Osborn and who signed the death certificate, agreed that the stress of the accident and resulting injuries caused Mr. Osborn's heart attack. Dr. Cataldie amended the death certificate to reflect the manner of death as accidental and to further indicate the cause of death to be cardiovascular disease as a consequence of multiple trauma and stressors of accident.
Considering the foregoing, we agree with Ms. Osborn that Mr. Osborn's heart attack was directly related to the physical trauma of the November 20 accident. Therefore, the claim for death benefits does not fall under LSA-R.S. 23:1021(7)(e) and should have been decided under general workers' compensation principles. The WCJ committed legal error in applying LSA-R.S. 23:1021(7)(e) and holding Ms. Osborn to the heightened burden of proof by clear and convincing evidence required thereunder.
Where one or more trial court legal errors interdict the fact-finding process, and, if the record is otherwise complete, the reviewing court should make its own independent de novo review and assessment of the record. Campo v. Correa, 01-2707 (La.6/21/02), 828 So.2d 502, 510. At trial, the parties stipulated that Mr. Osborn was injured while in the course and scope of his employment when a 3/8-inch chain, which was being used to raise a piece of equipment, broke, striking him in the head, face, and right arm, and causing the severe injuries reflected in the medical records. Based on the medical evidence previously set forth, we find that Ms. Osborn proved by a reasonable preponderance of the evidence a causal connection between the employment accident and Mr. Osborn's resulting death, thus satisfying her burden of proof under the applicable general workers' compensation principles. See Quinones, 630 So.2d at 1306; LSA-R.S. 23:1031 and 1231. Accordingly, Ms. Osborn is entitled to recover death benefits.

CONCLUSION
For the foregoing reasons, the judgment appealed from is reversed. This matter is remanded to the OWC for the calculation of the death benefits to which Ms. Osborn is entitled. Costs of this appeal are assessed to Unit Drilling Company and Liberty Mutual Insurance Company.
REVERSED AND REMANDED.
NOTES
[1] The supreme court noted:

For example, "heart-related" under 23:1021(7)(e) would not apply to the injury resulting from the puncture of an employee's chest and heart by a piece of equipment.... [Further,] it is medically possible for an aneurysm, embolism, or a severe bruise (which is technically an injury to a vessel) to result from a physical impact to a part of the body. For example, the blow of a falling piece of merchandise or equipment on a limb could cause an embolism or aneurysm at the point of impact. These types of injuries also would clearly not fall under the scope of La.R.S. 23:1021(7)(e).