PAULINE HYATT
v.
R.A.S. MANAGEMENT & XYZ INSURANCE COMPANY
No. 2008 CA 1251.
Court of Appeal of Louisiana, First Circuit.
January 21, 2009.
Not Designated for Publication
GWYNN L. SHAMLIN, II, Counsel for Plaintiff-Appellant, Pauline Hyatt.
MYRON A. WALKER, Jr., ERIC M. BARRILLEAUX, Counsel for Defendant-Appellee, RA.S. Management Company, Inc.
Before: KUHN, GUIDRY, AND GAIDRY, JJ.
KUHN, J.
Plaintiff, Pauline Hyatt, appeals the granting of a summary judgment dismissing her personal injury suit. Finding the motion for summary judgment was properly granted, we affirm.

PROCEDURAL AND FACTUAL BACKGROUND
At approximately 6:00 a.m. on November 22, 2004, Pauline Hyatt left her second-story apartment at the Lone Oak Apartments in Baton Rouge, Louisiana to go to work. She began descending the stairs to the parking lot. When she reached the second-to-last step from the bottom, she suddenly fell to the ground. As a result of the fall, she sustained multiple fractures in her foot and ankle that necessitated two surgeries.
On November 4, 2005, plaintiff filed suit against R.A.S. Management Company, Inc., the owner of the Lone Oaks Apartments, and XYZ Insurance Company. In her petition, she alleged that "the negligence of the defendant in maintaining adequate lighting is the cause of her accident and resulting injury." She specifically alleged "that neither the main lights nor the exit lights were operating." According to the petition, the fall occurred because plaintiff was unable to see the steps and missed a step. She further alleged she had frequently complained to management that the exterior lighting in the area of her apartment was faulty and not operating.
R.A.S. answered, generally denying the allegations of plaintiffs petition. Thereafter, it filed a motion for summary judgment seeking dismissal of plaintiff s suit. After a hearing, the trial court granted the motion and dismissed plaintiffs suit, based on the court's finding that "the lighting situation on the stairs did not create an unreasonable risk of harm...." Plaintiff took a devolutive appeal, alleging the trial court erred in determining there were no genuine issues of material fact in dispute and that the lighting situation on the stairs did not create an unreasonable risk of harm.

LAW AND ANALYSIS
In reviewing a trial court judgment on a motion for summary judgment, an appellate court applies the de novo standard of review, using the same criteria used by the trial court in deciding whether summary judgment should be granted. Populis v. Home Depot, Inc., 07-2449, p. 2 (La. App. 1st Cir. 5/2/08), 991 So.2d 23, 24, writ denied, 08-1155 (La. 9/19/08), 992 So.2d 943. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. The motion should be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of actions. La. C.C.P. art 966B; Lilly v. Allied Health Care, 07-0590, p. 3 (La. App. 1st Cir. 6/6/08), 991 So.2d 1096, 1097, writ denied, 08-2081 (La. 12/12/08), ___ So.2d ___.
The movant bears the burden of proof on a motion for summary judgment. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966C(2). Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. Populis, 07-2449 at p. 3, 991 So.2d at 25. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to a case. Bozeman v. Scott Range Twelve Limited Partnership, 03-0903, p. 5 (La. App. 1st Cir. 4/2/04), 878 So.2d 615, 619, writ not considered, 04-1945 (La. 11/8/04), 885 So.2d 1142
The owner having custody of immovable property has a duty to keep such property in a reasonably safe condition. He must discover any unreasonably dangerous condition on his premises and either correct the condition or warn potential victims of its existence. Bozeman, 03-0903 at p. 5, 878 So.2d at 619. This duty is the same under the strict liability theory of La. C.C. art. 2317 and the negligence liability theory of La. C.C. art. 2315. Under either theory, the plaintiff has the burden of proving that: (1) the property that caused the damage was in the "custody" of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk, Bozeman, 03-0903 at p. 5, 878 So.2dat619.
In the instant case, plaintiffs theory of recovery is that defendant was negligent in providing faulty lighting or failing to properly maintain adequate lighting in the area of her apartment, which resulted in her sustaining injuries when she missed a step and fell on the stairs. Plaintiff further alleges that defendant had notice of the lighting problem because she and her husband had complained about it to management on numerous occasions.
In support of its motion for summary judgment, R.A.S. introduced the depositions of plaintiff, the apartment complex manager, Joyce Bass, and her husband, Sidney Bass, Sr., who was the maintenance supervisor at the complex. Plaintiff presented no evidence in opposition to the motion.
In her deposition, Mrs. Bass testified that she went outside to get her newspaper at 6:00 a.m. on the day of the accident and that, although it was not yet fully light, the combination of natural light and the lights on the apartment exterior was enough for a person to see and move about safely. Mrs. Bass explained that lighting in the area of plaintiffs apartment was provided by a breezeway light and parking lot lights affixed to the exterior of the building. Mrs. Bass denied receiving any complaints from either plaintiff or her husband regarding the lighting on the stairs outside their apartment.
Mrs. Bass further testified that she talked to plaintiffs husband several hours after the accident and he complained that the parking lot light would go off for a few seconds then come back on for a considerable time. Accordingly, Mrs. Bass had her husband change the parking lot light that same day to ensure it was working. However, she indicated that, to her knowledge, none of the lights in the area of the stairs were non-operational on the day of the accident. According to her testimony, either she or her husband frequently walked the grounds of the apartment complex at night checking that the exterior lights were functioning. Moreover, she indicated that there had been no prior accidents on the stairs during the approximately twenty-four years that she had been the apartment manager at the complex.
In his deposition, Mr. Bass testified that he checked the lights in the area of plaintiffs apartment on the evening after her accident, and all of the lights were functioning. However, he could not say whether the parking lot light he replaced after plaintiffs accident was operational at the time of the accident, since he did not test it. He did not recall any complaints being made about the stairs or the lighting in the days prior to the accident. Mr. Bass further testified that the breezeway and the parking lot lights provided sufficient lighting to traverse the stairs. Finally, Mr. and Mrs. Bass each indicated in their depositions that they did not observe anything wrong with the stairs.
In her deposition, plaintiff testified that, while it was generally well lit outside her apartment when she left for work, it was totally dark and foggy on the morning of the accident. She indicated the parking lot lights near her apartment were not on and that, based on her recollection of how dark it was, she also did not believe the breezeway light was on. Due to the darkness, she considered going back into her apartment to retrieve a flashlight, but decided not to do so. She said her husband warned her to hold onto the stair rails because it was so dark. Although she stated in her deposition that she watched her step as she went down the stairs, she admitted that, once she reached six to eight steps from the bottom, she could no longer see the next step in front of her. She indicated that she did not know how she missed a step and fell.
According to plaintiff, she generally reported maintenance problems directly to Mr. Bass and rarely went to the apartment office. She testified that she complained, primarily to Mr. Bass, about the exterior lights being out prior to the accident.
The trial court granted defendant's motion for summary judgment and dismissed plaintiffs suit based on the court's apparent finding that there was a lack of support for an essential element of plaintiffs negligence claim. Specifically, the trial court determined there was no genuine issue of fact that "the lighting situation on the stairs did not create an unreasonable risk of harm." After our de novo review of the evidence offered in support of defendant's motion, we conclude the summary judgment was properly granted. Defendant did not bear the burden of proof at trial on the issue of whether the exterior lighting on the stairs created an unreasonable risk of harm. However, in support of its motion for summary judgment, defendant offered the deposition testimony of Mr. and Mrs. Bass that there was no defect in the stairs and that the breezeway and parking lot lights provided adequate lighting for those stairs to be safely traversed. Plaintiff herself testified in her deposition that the area outside her apartment was usually well lit.
Although plaintiff testified it was totally dark and foggy on the morning of the accident and the exterior lights were out at that time, defendants generally may have no duty to protect against an open and obvious hazard. See Bozeman, 03-0903 at p. 5, 878 So.2d at 619. If the facts of a particular case show that the complained of condition should be obvious to all, the condition may not be unreasonably dangerous and the defendant may owe no duty to the plaintiff. The degree to which a potential victim may observe a danger is one factor in the determination of whether the condition is unreasonably dangerous. A landowner is not liable for an injury that results from a condition that should have been observed by the individual in the exercise of reasonable care or was as obvious to the plaintiff as it was to the landowner. Bozeman, 03-0903 at pp. 5-6, 878 So.2d at 619; Williams v. Leonard Chabert Medical Center, 98-1029, pp. 8-9 (La. App. 1st Cir. 9/26/99), 744 So.2d 206, 211, writ denied, 00-0011 (La. 2/18/00), 754 So.2d 974.
In the instant case, plaintiffs deposition establishes she was well aware of the obvious danger of descending the stairs in darkness. According to her deposition, her husband warned her to hold onto the stair rails because of the darkness. In fact, she said she almost went back into the apartment to get a flashlight due to the darkness. Moreover, she admitted in her deposition that, as she neared the bottom of the stairs, she could no longer see the step immediately in front of her. Nevertheless, despite her inability to see where she was stepping, she blindly continued down the stairs. Unfortunately, she then missed a step and fell.
Accordingly, based on our de novo review, we find that the evidence offered by defendant in support of its motion for summary judgment established a lack of factual support for an essential element of plaintiff s negligence claim, i.e., that the lighting conditions on the stairs created an unreasonable risk of harm to plaintiff. According to plaintiffs own deposition, the hazard created by the alleged darkness on the stairs was readily apparent to her. She testified that she considered going back inside to get a flashlight, but chose not to do so and proceeded to descend the stairs, even when she could no longer see the step immediately in front of her. Under such circumstances, defendant is not liable for injuries to plaintiff resulting from an allegedly hazardous condition that was open and obvious to her. See Bozeman, 03-0903 at p. 5, 878 So.2d at 619; Williams, 98-1029 at p. 8, 744 So.2d at 211.

CONCLUSION
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff, Pauline Hyatt.
AFFIRMED.