MICHAEL THIBODEAUX
v.
JAMES M. FIELD AND LAWRENCE C. ST. BLANC
No. 2009 CA 0241
Court of Appeals of Louisiana, First Circuit.
July 27, 2009.
Not Designated for Publication
R. DAVID BROWN, Counsel for Plaintiff/Appellant Michael Thibodeaux
AMANDA H. SMITH, Counsel for Defendant/Appellee Louisiana Public Service Commission James Field and Lawrence St. Blanc
BEFORE: KUHN, GUIDRY, DOWNING, GAIDRY, AND HUGHES, JJ.
GUIDRY, J.
We consider on appeal whether the trial court erred in dismissing a claim for attorney's fees and court costs pursuant to La. R.S. 44:35, an enforcement provision of the Louisiana Public Records Act, La. R.S. 44:1-56, filed by plaintiff, Michael Thibodeaux. The trial court granted a motion for summary judgment filed by defendants, James M. Field and Lawrence C. St. Blanc, dismissing plaintiffs suit with prejudice. We reverse in part and remand.

FACTS AND PROCEDURAL HISTORY
On June 23, 2006, Thibodeaux submitted a public records request to the Louisiana Public Service Commission ("the Commission"). Therein, Thibodeaux requested a copy of the Commission's record in Docket U-29526, which pertained to the "Letter Application of Cleco Power, LLC for limited exemption from lower of cost or market pricing and competitive bidding rules for affiliate transactions, in connection with purchases of economy and emergency power from Acadia Power Station" and one copy of "all information and correspondences that the Commission relied upon for their determination." Approximately, three days later, the Commission responded to Thibodeaux's request via e-mail correspondence, stating that all information filed in Docket U-29526 was available to the public, free of charge, online in the Commission's Document Access System. Thibodeaux emailed a reply to the Commission stating that the Commission's response to his public records request was "not agreeable" and requested the "exact cost" of the copies to fulfill his request. The Commission notified Thibodeaux of the cost for providing copies of the records he requested in a letter dated June 27, 2006. The parties do not dispute that Thibodeaux paid the cost, in person, at the Commission's office on July 12, 2006.
On August 2, 2006, Thibodeaux filed suit against Field, individually and in his official capacity as the chairman of the Commission, and St. Blanc, individually and in his official capacity as the executive secretary of the Commission, asserting that the defendants had failed to comply with a public records request in accordance with La. R.S. 44:1 et seq. Thibodeaux sought an order that defendants promptly provide the available requested public records, and he further sought reasonable attorney's fees and costs in accordance with La. R.S. 44:35.
The record establishes that Thibodeaux received the requested public records on August 10, 2006. The Commission asserted it did not promptly provide the documents solely as a result of a clerical oversight, and in its answer, filed on behalf of the defendants, prayed for the dismissal of Thibodeaux's suit at his sole expense. In October 2006, the Commission filed a motion to dismiss based on mootness and, in the alternative, a motion for summary judgment. The trial court granted the motion to dismiss based on mootness and dismissed Thibodeaux's suit.[1] Thibodeaux appealed that judgment, and this court affirmed the trial court's judgment "insofar as it dismisse[d] ... Thibodeaux's claim for injunctive and/or mandamus relief." This court otherwise reversed the judgment and remanded the matter to the trial court so that it could consider Thibodeaux's claim for monetary relief pursuant to La. R.S. 44:35. This court did not address the merits of the claim for such relief. See Thibodeaux v. Field, 07-1418, p. 6 (La. App. 1st Cir. 5/2/08)(unpublished opinion).
On remand, by a judgment dated November 7, 2008, the trial court granted the Commission's motion for summary judgment and dismissed Thibodeaux's suit with prejudice. Thibodeaux appealed, alleging that the trial court erred in granting the Commission's motion for summary judgment and in further finding that he was not entitled to any relief under the Public Records Act absent a finding that the Commission arbitrarily and capriciously withheld the public records requested.

DISCUSSION
When an appellate court reviews a trial court judgment on a motion for summary judgment, it applies the de novo standard of review, "using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate, i.e., whether there is a genuine issue of material fact and whether the mover is entitled to judgment as a matter of law." Gray v. American National Property & Casualty Company, 07-1670, p. 6 (La. 2/26/08), 977 So. 2d 839, 844; See La. C.C.P. art. 966(B). In reviewing this judgment, we must apply the burden of proof imposed upon a movant in a motion for summary judgment, which is set forth as follows in La. C.C.P. art. 966(C)(2):
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Material facts are those that potentially insure or preclude recovery, affect the litigant's success, or determine the outcome of a legal dispute. Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Populis v. Home Depot, Inc., 07-2449, p. 3 (La. App. 1st Cir. 5/2/08), 991 So. 2d 23, 25, writ denied, 08-1155 (La. 9/19/08), 992 So. 2d 943.
The appointive or elective office of a custodian and his employees have the duty and responsibility to provide access to public records. La. R.S. 44:31A.[2] Except as otherwise provided by law, any person of the age of majority may inspect, copy, or reproduce any public record. La. R.S. 44:31B(1). The custodian of public records of state agencies has the duty to provide copies to persons so requesting. La. R.S. 44:32C(2).[3]
Further, La. R.S. 44:35 provides, in pertinent part:
A. Any person who has been denied the right to inspect or copy a record under the provisions of this Chapter, either by a final determination of the custodian or by the passage of five days, exclusive of Saturdays, Sundays, and legal public holidays, from the date of his request without receiving a final determination in writing by the custodian, may institute proceedings for the issuance of a writ of mandamus, injunctive or declaratory relief, together with attorney's fees, costs and damages as provided for by this Section, in the district court for the parish in which the office of the custodian is located.
B. In any suit filed under Subsection A above, the court has jurisdiction to enjoin the custodian from withholding records or to issue a writ of mandamus ordering the production of any records improperly withheld from the person seeking disclosure. The court shall determine the matter de novo and the burden is on the custodian to sustain his action....
...
D. If a person seeking the right to inspect or to receive a copy of a public record prevails in such suit, he shall be awarded reasonable attorney's fees and other costs of litigation. If such person prevails in part, the court may in its discretion award him reasonable attorney's fees or an appropriate portion thereof.
E. (1) If the court finds that the custodian arbitrarily or capriciously withheld the requested record or unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32, it may award the requester any actual damages proven by him to have resulted from the actions of the custodian except as hereinafter provided. In addition, if the court finds that the custodian unreasonably or arbitrarily failed to respond to the request as required by R.S. 44:32 it may award the requester civil penalties not to exceed one hundred dollars per day, exclusive of Saturdays, Sundays, and legal public holidays for each such day of such failure to give notification.
(2) The custodian shall be personally liable for the payment of any such damages, and shall be liable in solido with the public body for the payment of the requester's attorney fees and other costs of litigation, except where the custodian has withheld or denied production of the requested record or records on advice of the legal counsel representing the public body in which the office of such custodian is located, and in the event the custodian retains private legal counsel for his defense or for bringing suit against the requester in connection with the request for records, the court may award attorney fees to the custodian.
Thibodeaux asserts he is entitled to an award of attorney's fees and costs, because the Commission did not provide copies of the documents requested until after he filed his lawsuit. We agree that Thibodeaux is entitled to attorney fees.[4]
As outlined in La. R.S. 44:35A, the remedies provided to "[a]ny person who has been denied the right to inspect or copy a record" under the provisions of the Public Records Act, include not only mandamus or injunctive relief, but also declaratory relief, together with attorney's fees, costs and damages as provided for in La. R.S. 44:35. It is undisputed that the defendants did not provide copies of the information requested, or a final written determination that the information requested was not public records, within "the passage of five days" after Thibodeaux made the request as provided in La. R.S. 44:35A.
In order to receive attorney fees, La. R.S. 44:35D states that a person must prevail, at least in part, in the suit brought to enforce his right to inspect or to receive a copy of a public record. As previously acknowledged by this court, Thibodeaux did not prevail on his claim for injunctive and/or mandamus relief (i.e., his request that the trial court order the Commission "to promptly provide the requested public records"), because the Commission provided the records prior to the trial court hearing that part of his claim and thus that part of his claim was rendered moot. Nevertheless, Thibodeaux did establish, and the defendants do not dispute, that the Commission violated La. R.S. 44:35A, and therefore Thibodeaux did prevail on this part of his claim. To the extent that the trial court's granting of the Commission's motion for summary judgment can be construed as a finding that Thibodeaux did not prevail in establishing that the Commission violated La. R.S. 44:35A, we reverse. See also Heath v. City of Alexandria, 09-28 (La. App. 3d Cir. 5/6/09), ___ So. 2d ___.
As for civil damages, La. R.S. 44:35E states that a requester of public records may be awarded "civil penalties" or "actual damages proven by him to have resulted from the actions of the custodian," if the trial court finds that the custodian arbitrarily and capriciously withheld a requested record or unreasonably or arbitrarily failed to respond to a records request as required by La. R.S. 44:32. Thibodeaux presented no evidence to show that he would be able to satisfy his evidentiary burden of proving that the Commission arbitrarily and capriciously withheld or unreasonably failed to respond to his records request subsequent to his payment of the applicable copying costs or proving that he had incurred any actual damages as a result thereof. Accordingly, we find no error in the trial court's granting summary judgment relative to any claim for actual damages or civil penalties.[5] See La. C.C.P. art. 966(C)(2).

CONCLUSION
Accordingly, the summary judgment is reversed in part and this matter is remanded to the trial court for further proceedings consistent with this opinion. Appeal costs are assessed against defendants, James M. Field and Lawrence C. St. Blanc, in their official capacities with the Louisiana Public Service Commission.
REVERSED IN PART AND REMANDED.
Kuhn, J., dissenting in part.
I dissent from that portion of the majority opinion that reverses in part the summary judgment in favor of the defendants, James M. Field, individually and in his official capacity of the Louisiana Public Service Commission, and Lawrence C. St.Blanc, individually and in his official capacity as executive secretary of the Commission. Plaintiff, Michael Thibodeaux, asserts he is entitled to an award of attorneys' fees, although he did not obtain a favorable judgment in the proceedings below. Although the defendants did not provide the public records within "the passage of five days" after Thibodeaux requested them as referenced in La. R.S. 44:35A, the fact remains that Thibodeaux did not prevail in this suit, whether in whole or in part, within the meaning of La. R.S. 44:35D. The statutory language requiring that the litigant "prevails in such suit," is a legislative requirement that the person obtain a favorable ruling in the suit regarding access to public records as a prerequisite for the recovery of "attorney's fees and other costs of litigation" under Section D. The trial court did not reach the issue of whether Thibodeaux was entitled to have access to the records because the issue was moot by the time the initial hearing on the motion to dismiss was held. If we were to accept Thibodeaux's interpretation of Section D, this court would be rewriting legislation rather than applying it as written. Accordingly, I would affirm the trial court's summary judgment in favor of defendants.
HUGHES, J., dissenting in part
I respectfully disagree with the decision not to award court costs. While Thibodeaux may be successful in only "part" of his lawsuit, I am of the opinion that he is totally successful in his claim under L.R.S. 44:35 and thus "prevails" in the object of the litigation, 100%. Injunctive and mandamus relief are merely procedural means to an end; we should not let the tail wag the dog.
NOTES
[1] The trial court's judgment followed a January 22, 2007 hearing, but was inadvertently dated January 22, 2006.
[2] Louisiana Revised Statutes 44:lA(2)(a) provides:

All books, records, writings, accounts, letters and letter books, maps, drawings, photographs, cards, tapes, recordings, memoranda, and papers, and all copies, duplicates, photographs, including microfilm, or other reproductions thereof, or any other documentary materials, regardless of physical form or characteristics, including information contained in electronic data processing equipment, having been used, being in use, or prepared, possessed, or retained for use in the conduct, transaction, or performance of any business, transaction, work, duty, or function which was conducted, transacted, or performed by or under the authority of the constitution or laws of this state, or by or under the authority of any ordinance, regulation, mandate, or order of any public body or concerning the receipt or payment of any money received or paid by or under the authority of the constitution or the laws of this state, are "public records", except as otherwise provided in this Chapter or the Constitution of Louisiana.
[3] Fees for copying such records shall be charged in accordance with a uniform fee schedule adopted by the commissioner of administration, as provided by La. R.S. 39:241.
[4] Because this court previously found that Thibodeaux's claims for injunctive and mandamus relief were rendered moot when the Commission fulfilled Thibodeaux's public records request and for additional reasons discussed later in this opinion, Thibodeaux can be found to have prevailed only "in part" in his suit. Therefore, in accordance to La. R.S. 44:35(D), Thibodeaux can only seek a discretionary award of "reasonable attorney's fees or an appropriate portion thereof."
[5] We further observe that on appeal, Thibodeaux does not ask this court to reverse and remand so that the trial court can consider a claim for civil penalties. Rather Thibodeaux urges on appeal, "[t]he burden of proving arbitrary and capricious withholding only applies when a citizen-plaintiff seeks the one-hundred dollar per day civil penalties as per La. R.S. 44:35(E)(1)." Thibodeaux further states, "[t]he relief which is sought ... and which can indeed be granted by this court is for attorney's fees and costs."